## Saltsman, Appellant, *v.* Olds.

*Municipalities—City of Erie—Commissioners of waterworks—Contracts.*
The commissioners of waterworks of the city of Erie created by the
Act of April 4, 1867, P. L. 768, are a board wholly independent of the city
authorities. They have entire control of the funds in their hands, and
they can make a contract in connection with the waterworks which will
not in any way create a debt, or make a liability against the city of Erie.

Argued April 23, 1906. Appeal, No. 234, Jan. T., 1905, by
plaintiffs, from decree of C. P. Erie Co., May T., 1905, No. 6,
dismissing bill in equity in case of Robert J. Saltsman and A.
S. Pinney v. Clark Olds, Gustave F. Brevillier, Willis B. Dur-
lin and The T. A. Gillespie Company. Before FELL, BROWN,
MESTREZAT, POTTER and ELKIN JJ. Affirmed.

Bill in equity for an injunction. Before WALLING, P. J.

From the record it appeared that the plaintiffs were the
mayor and treasurer of the city of Erie, and that the three in-
dividual defendants constituted the commissioners of water-
works of the city of Erie, a board created by the Act of April
4, 1867, P. L. 768. The bill alleged that the commissioners
had entered into a contract with the T. A. Gillespie Company
to extend an intake of the waterworks, and that said contract
was null and void as an attempt to increase the debt of the
city of Erie illegally, and that it was made without an ap-
propriation first having been made by the councils of the city
of Erie. The bill prayed for an injunction.

WALLING, P. J., after an elaborate statement of the facts
found the following conclusions of law :

1. That the general acts for the government of cities of the
third class effect a repeal of inconsistent prior local acts relat-
ing to such cities. And when the city of Erie accepted the
Wallace act all prior local acts inconsistent therewith were re-
pealed.

2. General acts relating to cities of the third class do not
repeal prior local acts which are consistent with such general
acts. So when Erie city became a city of the third class it re-

tained such of its local laws as were consistent with the statutes relating to cities of that class.

3. The Act of April 4, 1867, P. L. 768, is not inconsistent with the Wallace act, nor with the Act of May 23, 1889, P. L. 277, " Providing for the incorporation and government of cities of the third class," nor with any other act relating to cities of that class. And said act of 1867 has not been repealed or supplied by any subsequent legislation, but is still in full force.

4. That the commissioners of waterworks in the city of Erie appointed under said act of 1867, are a board with corporate powers, and independent of the city authorities, except as provided in said act.

5. That the legal title to the waterworks property is in said commissioners, but they have no power to dispose of said property or to use the same for any purpose other than that specified in the above-quoted statutes. That the city of Erie is the equitable owner of the entire waterworks property.

6. That under existing laws the control and management of said waterworks is vested in said commissioners, and the duty of appointing the commissioners rests with the judges of the court of common pleas of Erie county. That the status of the waterworks and the manner of appointing the commissioners thereof can be changed by appropriate legislation relating to cities of the third class.

7. That sec. 2 of article XV of the constitution of Pennsylvania, which provides that " No debt shall be contracted or liability incurred by any municipal commission, except in pursuance of an appropriation previously made therefor by the municipal government," does not apply to this case, as the board of water commissioners are not creating any debt nor making any liability against the municipality.

8. That the funds of the waterworks are not subject to the control or appropriation of the city council; such funds can be used only by the commissioners and for the single purpose of paying the indebtedness of the waterworks.

9. That the new constitution did not abolish existing commissions.

10. That the contract between the commissioners of waterworks and the T. A. Gillespie Company is valid and should be fulfilled. That the statute expressly empowers the commis-

sioners to obtain a supply of water from Lake Erie, and the conditions are such as to justify the exercise of that power. That to set aside that contract at this late day and after the large expense has been incurred, would cause the defendants· irreparable loss and would also be a misfortune to the public.

11. That it is now too late for the sinking fund commissioners to ask to have this contract annulled, that the money of the waterworks in the treasury might be applied to the city's indebtedness.

12. That no relief could be granted in this case not common to all the defendants.

13. That the action of the city councils in 1881 in attempting to create a water department in the city of Erie was invalid.

14. That the water commissioners are appointed under the act of 1867, and entitled to compensation as named therein.

15. That plaintiffs are not entitled to the relief sought, or any part of it, and that a decree should be made dismissing the bill at their costs.

### DISCUSSION.

As to the repeal of the Act of 1867, P. L. 768.

There is no provision in the Wallace act which, in my opinion, supplies the place of or supersedes our local act.

Section 50 of the Wallace Act (P. L. 1874, page 230), authorizes the city to purchase the rights and franchises of gas and water companies. And clause 1 of said section provides that "Any city erecting or purchasing water or gas works under the provisions of this act, shall and they are hereby required to constitute a department to be called the water and gas department," etc. But clearly that cannot apply to our case. Our waterworks were neither erected nor purchased under the provisions of that act. And the attempt made in 1881 to establish a water department was invalid because the city had not complied with the act, by purchasing or erecting either gas or waterworks. The attempt was irregular also because it purported to establish a water department only, when the act says the department shall be called "the water and gas department."

Section 2 of article 12 of the Act of May 23, 1889, P. L.

277, provides that " Any city which now has the title to any water, gas or electric light works, by conveyance to the same in its corporate name, or which may hereafter erect or purchase water, gas or electric light works under the provisions of this act, are hereby empowered to create a department to be called the water and lighting department," etc. Erie did not then have any such works by conveyance to it in its corporate name, nor has it since erected or purchased any ; it is, therefore, very clear that our case does not come under that act, and Erie has never attempted to establish any department thereunder.

The acceptance of the Wallace act only operated to repeal such local laws as were inconsistent with it. In sec. 56 of said Act (P. L. 1874, page 230), it is provided that " no such acceptance shall be construed to be a repeal or surrender of any rights, powers, privileges and franchises heretofore by law conferred on such city, not inconsistent with the provisions of this act." See also City of Williamsport v. Brown, 84 Pa. 438. The acts relating to cities of the third class do not change the title to any property. Hence, the legal title to the waterworks property must be where the act of 1867 placed it, in the commissioners of waterworks in the city of Erie. Municipal government is the creature of the legislature ; what the legislature gave it can take away. There are no private vested rights. The water commissioners as individuals have no greater rights in the waterworks than any other citizens. The title is in the board, not the men. While local or special acts of this nature cannot now be enacted, yet they may be repealed, and provisions relating to cities of our class may be made so as to transfer the title to the city ; and also changing the mode of appointing the commissioners so as to provide for their election by the citizens or by the councils, or by appointment by the mayor. The whole matter rests with the legislature chosen by the people. It is of no advantage to the court to appoint the commissioners. In every instance the legislative intent has been clear not to include Erie's waterworks under the general laws. For even the late Act of May 16, 1901, P. L. 224, in sec. 10 thereof, on page 233, water boards like this are exempted from its operation. The new constitution did not avoid existing commissions.

Perkins v. Slack, 86 Pa. 270. In that case it was held that

appropriation must be made, as the commission were using the money of the city. In our case the water commissioners are using their own money, over which the city councils have no control. The councils cannot appropriate the funds of the waterworks, either for the use of the commissioners of waterworks or for any other purpose. The status of the waterworks in Erie City is stated by the Supreme Court in case of Ashby v. City of Erie, 85 Pa. 286, as follows :

" The water commissioners, under the act creating commissioners of water works of the city of Erie, are a board wholly independent of the city authorities. Whether it is wise to separate so widely a function so intimately connected with the welfare of the city from the control of the councils, is a question for the legislature, not for us. We cannot see how the city, under the law in question, can be held liable for the negligence of the water commissioners, who are appointed by the court, and neither account to nor owe obedience to the city authorities."

That decision was since the adoption of the new constitution, and we believe that the funds of the waterworks are not subject to appropriation by councils. In our opinion, the constitutional provision requiring an appropriation before the incurring of a liability by a municipal commission applies to cases where the commission is using the funds of the city, or where the contract of the commission binds the city. Here the commissioners are not using the money of the city, nor do their contracts bind the city. They are using their own money, and their contracts are valid as against the commissioners of waterworks in the city of Erie. And, as they have funds on hand sufficient to pay for the improvement now in process, no increase of debt is made against anyone, and the water board in Erie City is more than a municipal commission. It is a corporation.

The case of Bork v. City of Buffalo, 127 N. Y. 64 (27 N. E. Repr. 355), is somewhat like this, and there it is held that the provision of the charter of the city of Buffalo, which prohibits said city from entering into a contract for any work or improvement, with certain exceptions, at a price exceeding \$500 until the assessment therefor has been confirmed, does not apply to the board of park commissioners of said city to

the contracts made by them, that " said provisions have reference to contracts made by the regular officers of the municipal government and not to those made by a separate department possessing independent corporate powers. The right of the city to supply its inhabitants with water is statutory, and a city of the third class cannot establish a water plant where there is a private corporation already furnishing a sufficient supply of water : " White v. Meadville, 177 Pa. 643.

The water commissioners are appointed under the act of 1867, and not elected under the act of 1868, and hence the provision in the latter act above quoted that commissioners elected thereunder should receive nothing but actual expenses, does not apply. It would seem that when the act of 1868 was introduced it contained provisions for the election of water commissioners, which were stricken out before the act passed, and there is no provision in the act as to the election of water commissioners, so the clause as to compensation is inoperative. The lake water must be better than that in the bay, for the water in the bay is only lake water to which has been added all the sewerage and other contaminations from the city.

The lake is a large body of water ; it contains about 10,000 times as much water as the bay. It is over 1,600 times as large in area and at least six times as deep. Besides, there is a slow current in the lake, the water is gradually moving eastward, and a fresh supply is constantly being received from the great upper lakes. Some of this water comes in through the channel and helps to freshen the waters of the bay.

The said act of 1867 was carefully drawn, and well protects the interests of the public. Each commissioner has to give a bond of $10,000. All the money of the department is deposited weekly in the city treasury. Such money can be used only to pay the debts of the waterworks, and can only be drawn out for that purpose, on an order signed by at least two of the commissioners and countersigned by the secretary of the board. The commissioners are required to make monthly reports to councils and a detailed annual report, and all water rates must be approved by the city councils before they go into effect. And all contract work must be advertised and let to the lowest responsible and capable bidder.

Under that act the waterworks were constructed and have been managed for nearly forty years, and have become a large and valuable property, the title to which is vested in the commissioners of waterworks in the city of Erie, who hold the same in their corporate capacity as a public trust for the benefit of the city and its inhabitants. It bears no resemblance to a private corporation owned by stockholders. The people of Erie are the real owners of the waterworks. The act of 1867 was enacted as it is because the people then so desired it. If the people now wish to change the system the legislature can do it.

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*Charles P. Hewes,* for appellant.

*J. M. Sherwin* and *S. A. Davenport,* for appellee.

PER CURIAM, May 14, 1906 :

We find no error in the decree dismissing the appellant's bill. It is affirmed with costs.