# Youngman, Appellant, *v.* Water Commissioners of Erie.

*Water works—Municipal plant — Rates — Classification — Discrimination—Higher rates for patrons beyond city limits—Charge for service connections—Equity—Pleadings—Bill—Averments—Prayers.*

1. A city owning and operating a water works is not guilty of charging excessive and discriminatory rates merely because it requires water users residing beyond the city limits to pay an advance of twenty-five per cent over the city rates, and, in addition, the actual cost of the extension of the service into their respective properties, although such latter charge is not made against patrons within the city.

2. Proper classification of patrons of a water corporation, municipal or otherwise, is permitted, and the classification here attacked is justifiable.

3. To sustain a proceeding in equity, the bill should sufficiently aver the actual infringement of a legal right.

4. It seems the bill must aver that the rates are excessive and discriminatory, and the omission of such averments are not supplied by a prayer that the rates be decreed excessive and discriminatory.

5. It seems also that the bill should aver that plaintiff had made application to the water commissioners designating the property to which he wished water furnished and that such application had been refused by them.

Argued April 26, 1920.   Appeal, No. 117, Jan. T., 1920, by plaintiff, from decree of C. P. Erie Co., in equity, Feb. T., 1919, No. 5, sustaining demurrer and dismissing plaintiff's bill, in case of S. H. Youngman v. Commissioners of Water Works of the City of Erie and the City of Erie.  Before Brown, C. J., Moschzisker, Frazer, Walling, Simpson and Kephart, JJ.  Affirmed.

Bill in equity to restrain respondents from enforcing certain rates and conditions of the water department of the City of Erie on the ground that they were unreasonable and discriminatory.  Before Whittelsey, J.

The facts appear by the opinion of the Supreme Court.

The court sustained a demurrer and dismissed plaintiff's bill.  Plaintiff appealed.

*Errors assigned* were overruling exceptions to findings of fact and conclusions of law and decree of court, quoting record.

*Charles P. Hewes,* with him *M. Levant Davis,* for appellant, cited, among other cases: Panther Valley Water Co. v. P. S. C., 70 Pa. Superior Ct. 8.

*J. M. Sherwin,* with him *W. S. Carroll* and *M. C. Cornell,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 17, 1920:

S. H. Youngman filed an injunction bill, "on his own behalf and on behalf of any persons or corporations, resident of the Borough of Wesleyville, Erie County, who may see proper to join as party plaintiff," praying that certain water "rates, rules and conditions" be declared "excessive and discriminatory," and that defendants "be required to apply to their business outside the limits of the City of Erie the same rules, rates and conditions they apply and enforce within the limits of the said city." On demurrer, the bill was dismissed and plaintiff has appealed.

The court below, in its opinion disposing of the case, recites the essential facts, taken from the bill, substantially as follows: Plaintiff is a resident of and property holder in Wesleyville (about four miles from the City of Erie, the latter, a municipal corporation of the third class, being named as defendant); the "Commissioners of Water Works," the other defendant, is a quasi-municipal corporation in the City of Erie, organized under the Act of April 4, 1867, P. L. 768, "for the purpose of supplying water to the inhabitants of the said city"; they are empowered, by Act of June 13, 1913, P. L. 507, to extend the public service, under their charge, beyond the city limits; in pursuance of such authority, the municipal water works in question carried its pipes into the Borough of Wesleyville, and now furnishes water "to the citizens of said municipality"; this service is tendered subject to certain rules, rates and conditions adopted by the "joint action of the councils of the City of Erie and the Commissioners of Water Works," under authority of law; these regulations provide that users of water, residing beyond the limits of the City of Erie, must pay an advance of twenty-five per cent over the city rates and, in addition, the actual cost of the extension of the service into their respective properties, which latter charge is not made against patrons within the city.

After the foregoing narration of plaintiff's averments of fact, the court below properly concluded that, since defendants represent a municipal water works (Saltsman v. Olds, 215 Pa. 336, 337, 342), they are not subject to the Public Service Commission (Barnes Laundry Co. v. Pittsburgh, 266 Pa. 24, 30, 38); but, although the chancellor dismissed the bill on ample legal grounds, hereinafter referred to, he nevertheless expressed some uncertainty as to his authority in the premises.

Had plaintiff sufficiently averred the actual infringement of a legal right, as in Barnes Laundry Co. v. Pittsburgh, supra, there could be no room for doubt as to the jurisdiction of equity to afford relief; but the averments of the present bill show no such condition. While, in one of the prayers, the chancellor is asked to decree the rates in question "excessive and discriminatory," yet plaintiff fails, by any of his averments, so to charge; furthermore, when the facts depended upon to show undue discrimination, and the circumstances that defendants' works were built and paid for by the residents of the City of Erie, are taken into consideration, the conclusion reached by the court below—that the differentiation, between users of water within and those residing without the city limits, is not illegal—appears entirely warranted.

Proper classification of patrons by a water corporation, municipal or otherwise, is permitted (Barnes Laundry Co. v. Pittsburgh, supra, p. 41), and the classification here attacked is justifiable. Moreover, it is to be noted that no discrimination exists, or is charged to exist, between patrons living outside the city limits, all of them being treated alike; and, as stated by the chancellor, "There is no allegation in the bill that plaintiff ever made an application to the water commissioners designating the property to which he wished water furnished," or that such an "application had been refused by them." Finally, there is nothing to indicate that the

rates under discussion are in any sense excessive or unreasonable.

We do not deem it necessary to pass specifically upon the numerous assignments of error, or to discuss the many interesting questions which certain of them seek to raise; for, since we agree with the court below that "the rates, rules and conditions" here attacked are not discriminatory in any unlawful sense, this in itself is sufficient to sustain the order we are about to enter.

The decree is affirmed at cost of appellant.