## Central District and Printing Telegraph Co. *versus* Commonwealth ex rel. Friend & Co.

It is sufficient if in a petition for a writ of *mandamus* the statement of facts on which the right is made to depend are stated with a precision sufficient to express the right of one and the duty of the other, in such manner that the ordinary mind, disregarding technicality of pleading, may easily apprehend them. Certainty to a common intent is the rule, and that applies as well to the answer as to the petition, and it is sufficient that the former, without ambiguity or evasion, responds to and denies the assertions of the latter.

November 5th, 1886. Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MERCUR, C. J., absent.

ERROR to the Court of Common Pleas No. 2, of *Allegheny county*: Of October Term 1886, No. 163.

This was a petition on part of the Commonwealth *ex rel.*, James W. Friend & Co., praying for a writ of *mandamus* against The Central District and Printing Telegraph Company. On this petition a rule was granted on the defendant to show cause why a writ of *mandamus* should not be granted. On the return day of the rule an alternative *mandamus* was awarded and issued. The defendant filed an answer to this writ, whereupon the plaintiff demurred to the answer.

After argument the court made the following order sustaining the demurrer:

This cause having come on to be heard on demurrer to the return of the defendant, was fully argued by counsel for the relator and for the defendant, and thereupon, on due and mature consideration thereof, and it appearing to the court that the return of said defendant, made to the alternative writ of mandamus in this case is altogether insufficient, it is hereby ordered and adjudged that said demurrer be sustained, and that the judgment be entered upon said demurrer for the Commonwealth; and that said defendant be, and they are hereby commanded, forthwith to furnish to said relators, at their office, situate at the corner of Steuben and Carson streets, in the city of Pittsburgh, a telephone instrument, connected by wire with the central office at telephone exchange of said Central District and Printing Telegraph Company, in Pittsburgh, with usual telephone service for the ordinary prosecution of their business in the transmission and reception of telephone messages, at and for the annual rental of eighty-four dollars, together with the annual charge of the Point Bridge Company of twelve dollars, for permitting said wire to be laid over said bridge, as mentioned and provided in said alternative writ of

[C. D. & P. Tel. Co. *v.* Commonwealth ex rel.]

mandamus in this case, and that a peremptory writ of mandamus be issued against said defendant in pursuance of this judgment, and that defendant pay the costs of this suit.

The defendant therefore took this writ, assigning for error the action of the court in sustaining the demurrer and awarding a peremptory mandamus.

The facts of the case sufficiently appear from the opinion of the Supreme Court.

*John Dalzell*, for plaintiff in error.—The record of this case in the court below shows a petition by the relator for a rule to show cause why a mandamus should not issue, the issue of an alternative mandamus, a return thereto, and a demurrer.

This mode of proceeding up to the point of demurrer is that which prevails in such cases in the courts of Allegheny county, and conforms to the rules laid down by this court.

" The first pleading on the part of the defendant is the return. The respondent shows cause by making a return to the writ, which is the beginning of the pleadings.

" The return may traverse the facts, or admitting them, may avoid performance by stating a sufficient excuse, and the relator may demur, plead or traverse the facts in the return:" Keasy *v.* Bricker, 60 Pa. St., 9.

" After the return the case assumes the form of an ordinary action at law, and all questions properly arising are to be tried as in an action for a false return:" Com. *v.* Commissioners of Allegheny County, 32 Pa. St., 218.

" If the return raise a question of fact it must be decided by a jury:" Smith *v.* Commonwealth, 41 Pa. St., 335.

All that is necessary in a return is that " the return must be certain to a common intent in general:" Com. *v.* Comrs. &c., 32 Pa. St., 218.

But suppose we throw out of consideration altogether, for the time being, the return, what case have the relators in their petition?

To entitle a party to a mandamus, he must establish not only a specific legal right, but also the want of a specific legal remedy: James *v.* Comr's. Bucks Co., 13 Pa. St., 72.

A mandamus lies, where there is a clear legal right in the relator, a corresponding duty in the defendant, and a want of any other adequate and specific. remedy: Com. *v.* Councils of Pittsburgh, 34 Pa. St., 496.

*W. Bakewell*, for defendant in error.—It is well settled that in framing a return to an alternative writ of *mandamus* it is incumbent on the defendant to set out the whole legal facts of his case *in extenso* in order that the court, whose duty it is to

4 AMERMAN—38

declare the law arising on those facts, may have the means both of judging of the legality of such excuse, etc : Tapping on Mandamus, p. 352.

The averments of the return must be certain, . . . . . nothing is to be taken or construed by intendment or inference, so that all material facts should be positively and distinctly alleged : Id., 353.

The business of pleading being to set forth facts and not to draw inferences of law, it follows that the facts, the subject matter of the return, must not be stated either inferentially or argumentatively, but with certainty and plainness : Id., p. 357.

Tapping in his work just quoted gives many illustrations, and cites various cases in proof of these propositions. See also Commonwealth ex rel. *v.* Commissioners of Allegheny County, 37 Pa. St., 277.

Mr. Justice GORDON delivered the opinion of the court, January 3d, 1887.

The case submitted to us is founded on a petition by J. W. Friend & Co., praying for a writ of mandamus against the Central & Printing Telegraph Company. On the 27th day of February, 1886, a rule was granted on the defendant to show cause why the writ sued for should not issue. This rule having been duly served, and no answer having been made thereto, on March 20th, the court awarded an alternative mandamus, returnable on the 10th of April then next. To this writ an answer was filed, to which the relators demurred, and on that demurrer the court, after hearing the parties by their counsel, entered judgment against the defendant. We have, then, this demurrer for consideration, to the disposition of which by the court below, the plaintiff in error has excepted. The court necessarily founded its judgment on the insufficiency of the answer; but, as in considering a demurrer, regard must be had to all the pleadings, and not merely that part of them to which the demurrer refers, we must, in order to reach a correct result, review the writ, which of course follows the petition. From an examination of this writ we gather the following facts : that the business of the relators is the manufacture of iron and steel, their place of business being at the corner of Steuben and Carson streets, on the south side of the Monongahela river, in Pittsburgh. That the defendant is a Pennsylvania corporation, engaged in the business of operating telephone lines, *inter alia*, in the said city and its vicinity ; that it has the exclusive right to sell to others the use of telephones within the limits above stated, and that its office is at the corner of Fifth avenue and Wood street. That the respondent under-

takes and publicly offers to furnish telephone instruments to all classes of persons who will become subscribers to their telephone exchange, and agree in writing to pay an annual rental therefor, and comply with certain terms prescribed by the said company for the use of its instruments.

That the relators applied to the respondent for a telephone, to be put up in their mill, at the corner of Steuben and Carson streets, and offered to pay therefor an annual rent of eighty-four dollars, which, it is alleged, is the rent usually charged to its subscribers, they agreeing to pay in addition to the sum stated the charge which the Point Bridge Company might impose for the use of its structure in carrying the telephone wire across the river; and that the respondent had refused to furnish an instrument at that rate, but demanded a rental of one hundred and fifty dollars, which, it is further alleged, is largely in excess of the rent charged by said company to other firms, and individuals, at points within the city of Pittsburgh, distant as far as, and farther from the central office than the office of the relators. It may be admitted that all that is essentially necessary to maintain the writ of mandamus is found in the above statement; that is, that a definite legal right exists in the relators to have the telephone service, and a consequent duty on part of the company to furnish it.

There is, also, in this statement of facts, on which the right is made to depend, certainty to a common intent; that is, they are stated with a precision sufficient to express the right of the one and the duty of the other in such manner that the ordinary mind, disregarding technicality of pleading, may easily apprehend them. So, also, as the want of a specific legal remedy is made to appear from the same source, we may concede that there is enough in the petition to warrant the alternative writ. But, on the principles above stated, we are at a loss to discover why the answer was not sufficient. Certainty to a common intent is the rule, and that applies as well to the answer as to the petition, and it is sufficient that the former, without ambiguity or evasion, responds to and denies the assertions of the latter: Commonwealth v. The Commissioners of Allegheny County, 32 P. S. R., 218. The material allegation, as found in the petition, seems to be, that a tender of eighty-four dollars per annum, the usual price charged to others, whose places of business were as far from the company's office, or exchange, as that of the relators, was made to the company, and that tender was refused, and a rental of one hundred and fifty dollars a year was demanded. To this the respondents answered; (1), denying that it charges to all its subscribers an annual rental of eighty-four dollars, and averring that it charges various sums depending upon the service

[Buckley *v.* Duff & Sons.]

rendered, the distance from the central office, and the cost of erection and maintenance. (2) ; replying to paragraphs 7, 8, 9, 10, and 11 of the petition, that the rent of eighty-four dollars only applies to those telephones within a radius of one half mile from the central office; and that the rate fixed for telephones at the same distance as that of the petitioners— that is to say, within a radius of one and one half miles from the central office, is one hundred and fifty dollars; and that the respondent has always been willing, and has offered to rent a telephone to the petitioners at that price. Surely, if this answer is not sufficiently definite it is not because it does not fully answer the allegations contained in the writ, but rather because the writ itself is not sufficiently specific.

We think, however, both are as perspicuous as the case requires; the petition, in alleging the default of the company in refusing to them the use of its telephones on tender of the usual rent; the answer, in denying that the sum stated was the usual rent for the service required, and averring that, for the price usually charged to others at a like distance, as that of the relators from the central office, it was ready and willing to furnish the required apparatus. It is true, the counsel for the plaintiffs profess, as did the court below, to see an evasion in the denial of the company that it charged *all* its subscribers eighty-four dollars per annum, as though from this it might be inferred that there were *some* of its subscribers, within the same radius, that were charged less than others. But no one, having regard to the language of the answer, can reasonably come to any such conclusion, for it contains the explanation, that the rent of eighty-four dollars applies only to telephones within one half mile from the central office.

The other exceptions are no better founded than the one above stated, and their very technicality and immateriality show the strain that was upon the acute and learned counsel to discover, or devise, faults in an instrument which plainly and positively meets, and contradicts the averments of the petition.

Judgment reversed, and a procedendo awarded.