# Mercur *v.* Media Electric Light, Heat and Power Company, Appellant.

*Corporations—Electric light company—Rates—Classification of customers.*

Where an electric light company which has supplied its customers under a contract system at a fixed charge per month, finds that some of its customers were using an amount of power which exceeded in cost the price which they were paying for the same, and adopts a rule providing for a new system of meter service, but without canceling all of its original contracts, and thereafter one of its customers at his own request is transferred from the contract class to the meter class, such customer cannot afterwards demand that he be transferred back to the contract class, where it appears that all persons in the meter class were treated fairly and equally, that there was no excess of charge, and that the company would be compelled to incur an additional expense by the change.

In the service by an electric light company to a county or suburban district each customer is to a greater or less degree different from his neighbors. The distance from the main or feed line, the number of lights used, the means of access whether along a public way or over private property, the natural obstructions to be overcome, etc., are proper subjects for consideration in determining the rate to be charged.

The "class of people" to whom the service is made is not material, it is the condition and character of the service required in view of location, extent, volume, etc., of the service. The mere fact that a different sum is demanded is not unfair or unjust discrimination.

*Mandamus—When granted—Burden of proof.*

While the remedy of mandamus is a strictly legal one, the applicant must establish a specific legal right as well as a want of a specific legal remedy. The writ will only be granted in extraordinary cases to prevent a failure of justice.

On an application for a mandamus the burden of proof is governed by the general rule that the party holding the affirmative of the issue must establish his allegation by a preponderance of evidence.


Argued Nov. 19, 1901. Appeal, No. 174, Jan. T., 1900, by defendant, from order of C. P. Delaware Co., June T., 1899, No. 192, awarding mandamus in case of James Watts Mercur v. Media Electric Light, Heat and Power Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Petition for mandamus.

The facts are stated in the opinion of the Superior Court.

520 MERCUR v. ELECTRIC LIGHT, ETC., CO., Appellant.

Assignment of Errors—Opinion of the Court. [19 Pa. Superior Ct.

*Error assigned* was the order of the court.

*O. B. Dickinson*, with him *W. R. Fronefield*, for appellant.—
The rule adopted by the respondent was a proper one : Atlantic, etc., Tel. Co. v. W. U. Tel. Co., 4 Daly, 527 ; U. S. Tel.
Co. v. W. U. Tel. Co., 56 Barb. 46 ; Smith v. Tel. Co., 42 Hun,
454 ; Bryant v. W. U. Tel. Co., 17 Fed. Repr. 834 ; Metropolitan Exchange v. Board of Trade, 15 Fed. Repr. 850 ; W.
U. Tel. Co. v. Call Pub. Co., 62 N. W. Repr. 506 ; Tel. Co. v.
Friend & Co., 114 Pa. 592 ; Martinsburg Bank v. Tel. Co., 150
Pa. 36 ; Bell Tel. Co. v. B. & O. R. R. Co., 17 W. N. C. 505 ;
Shipper v. Penna. R. R. Co., 47 Pa. 338 ; Sterrett v. Telegraph
Co., 18 W. N. C. 77 ; Davis v. Reporting Co., 19 W. N. C. 567 ;
B. & O. Tel. Co. v. Bell Co., 23 Fed. Repr. 539 ; Postal Tel.
Co. v. D. & A. Tel. Co., 47 Fed. Repr. 633 ; D. & A. Tel. Co.
v. Delaware, 50 Fed. Repr. 677 ; Shepard v. Milwaukee Gas
Light Co., 6 Wis. 539 ; Gas Light Company of Baltimore v.
Colliday, 25 Md. 1 ; People v. Manhattan Gas Light Co., 45
Barb. 136 ; Gas Light Co. v. Paulding, 12 Rob. (La.) 378 ;
New England Express Co. v. Maine Central R. R. Co., 57 Me.
188.

*George T. Butler*, for appellee.—The relator was subjected
to unlawful discrimination : Baily v. Fayette Gas-Fuel Co., 193
Pa. 175 ; Owensboro Gaslight Co. v. Hildebrand, 42 S. W. Repr.
351 ; Hays & Co. v. Penna. Co., 12 Fed. Repr. 309.

OPINION BY ORLADY, J., March 14, 1902 :
The defendant is a corporation, incorporated under the laws
of this commonwealth, by which it is given authority to supply
light, heat and power or any of them by electricity to such
person or persons residing in the borough of Media or adjacent
thereto, as may desire the same at such prices as may be agreed
upon.

The plaintiff's residence is located about one mile from Media
and prior to April, 1899, was lighted under a contract with the
defendant for a fixed charge per month in accordance with a
general schedule under which it furnished light to others in the
same community.

These contracts had been in force for some time and provided

that the contract should continue in force subject to the rules and regulations of the company, until either party should give thirty days' notice in writing of a desire to terminate the same.

During April the contract with the relator was canceled at his request and he was furnished light on what was known as a meter rate. Prior to this change the respondent made and announced a rule providing " that all new consumers and those old consumers who desired to go on a meter should have light furnished thereafter by meter only." On June 19, 1899, the relator requested that the meter should be removed and that light should be furnished at his residence under the schedule of fixed rates by which light had been formerly furnished. The respondent offered to furnish electricity for twenty lights for the rate of $100 per year. The relator desired twenty-five lights and the respondent offered to supply electricity for this latter number for $125 per year, or to furnish the current at meter rates. Neither proposition was accepted, the former offers were withdrawn and the respondent agreed to furnish electricity and charge therefor by meter only. A petition was presented, praying that a peremptory mandamus be awarded, requiring the company " to forthwith connect their wires with the plaintiff's house and furnish the light to the plaintiff's house 'by contract' as they have to others of the same class."

The pleadings are fragmentary and confused, but taking the petition and answers which were before the court at the time the final decree was entered, there is in the statement of facts a certainty to a common intent, and they are stated with sufficient clearness to express the right claimed by the relator, and the reason for refusing it on the part of the respondent, who brings this appeal from the decree of the court awarding the peremptory mandamus as prayed for.

The learned court below held that " the defendant cannot refuse the plaintiff the benfit of one of these contracts so long as it elects to continue them with any of its customers, much less so long as it continues them with most of its patrons. All of whom, for anything appearing in the case, stand in similar situation with the plaintiff as to all conditions which would reasonably affect the charge for service."

The reason for enacting the rule as given by the company was before the court when the decree was entered and must be

so treated, being filed by leave of court, and is as follows: "It was found by experience that under this system of charge some consumers by careless, extravagant and wasteful consumption and expenditure of current consumed such quantities that it was unprofitable for the company to supply them with the light at the scheduled rates, while in the case of other consumers who were reasonably prudent, careful and economical in the use of current, the scheduled prices were reasonable and fair. The company endeavored by watchfulness and scrutiny to determine who of their customers were using current which exceeded in cost the price which they were paying for the same with a view to requiring all such customers to pay for the current on the basis of the quantity used as determined by meter measurements. In the judgment and discretion of the directors and managers of the company, it was determined that such a system of discrimination as to individual customers would be invidious and lead to disputes and contentions which should properly be avoided, and further determined that it would be prudent, equitable and fair to the customers, and save the company from being placed in the situation of furnishing current at a greater cost than the money received therefor according to the scheduled prices, if the basis of charge were made on the quantity of current consumed, as determined by the method of meter measurement approved and adopted by the company. A rule was, therefore, on January 1, adopted by the company and put in force, establishing a system of meter measurement for the class of customers to which the relator in the above case would belong. This rule of charge is uniform, regular and applies indiscriminately and impartially to all consumers of the class to which the said relator would belong. The rule was adopted as the rule of the then future, and went into effect on January 1," and it is distinctly averred that "the rule of meter measurement referred to has been generally and indiscriminately applied to all customers of said class since said date when the same went into effect." It is averred and not denied that, when the application for the writ was made, the poles and wires on which the current had been formerly delivered to the relator's residence had been removed by respondent under notice and demand of owners of private property on whose lands they had been erected and that to reach the relator's residence it would have

been necessary to have constructed about 500 yards of a new line of poles and wires.

The implied condition of the grant of all corporate franchises of even quasi-public nature is that they shall be exercised without individual discrimination in behalf of those who desire the benefits of their corporate existence : Baily v. Fayette Gas-Fuel Co., 193 Pa. 175. The respondent admits this duty and declares its willingness to perform it. The only question is in regard to the charge to be made for the service. The fact that a particular rate was charged for a service from which the relator voluntarily withdrew is not conclusive that it would be a fair and reasonable one after the line had been changed and poles removed. The relator had all the advantages of the contract rate and surrendered them by canceling his contract and requesting for leave to pay for the current on the meter rate. In the service to a country or suburban district each customer is to a greater or less degree different from his neighbors. The distance from the main or feed line, the number of lights used, the means of access whether along a public way or over private property, the natural obstacles to be overcome, etc., are proper subjects for consideration in determining the rate to be charged.

All agree that the company cannot give undue or unreasonable preference, or advantage to, or make unfair discrimination among its customers where the conditions are like and circumstances similar. To effect this wholesome rule it is not necessary for this company to cancel all of its original or special contracts, even if it has the power to do so, before it requires new customers to pay by a meter rate. This record does not disclose the full character of these contracts, nor the conditions which induced them. There may have been, and doubtless were, fair business and controlling reasons which were deemed advantageous to the company as tending to promote its interests at the time they were made, which it would be unfair and unbusinesslike to repudiate at this time. The relator elected to withdraw from a favored position and cannot hold the company responsible for his error of judgment. By canceling his contract he surrendered all rights under it and is in the class of new customers in regard to future relations. By the meter system he is required to pay for the correct amount of current he uses, and the fairness or reasonableness of this meter rate is

not questioned by him. Under the charter of the company he is entitled to service only "at such prices as may be agreed upon" or show that he is discriminated against in favor of patrons who receive service upon like condition and under similar circumstances to his own.

While the remedy by mandamus is a strictly legal one, the decisions require that the applicant must establish a specific legal right as well as a want of a specific legal remedy, and also that the writ will be granted only in extraordinary cases to prevent a failure of justice : Commonwealth v. Comms. of Allegheny County, 16 S. & R. 317; Commonwealth v. Henry, 49 Pa. 530.

The answers are direct and responsive in declaring that as to this proposed customer the contract rate would not be a fair and adequate compensation to the company on account of the special construction required to reach the residence of the relator—the outlay for which would be so great as to make a service to him unprofitable to the company.

The judge below had authority under the Act of June 8, 1893, P. L. 345, to grant the writ at. chambers, and the case being heard on petition and answers, the record as presented must contain the substance of a case for mandamus. The burden of proof is governed by the general rule that the party holding the affirmative of the issue must establish his allegations by a preponderance of evidence : 2 Spelling on Extr. Rem. sec. 1696; James v. Comms. of Bucks Co., 13 Pa. 72; Commonwealth v. Pittsburg, 34 Pa. 496. It is not sufficient to say that the contract to which the relator is entitled "must conform to other contracts executed with same class of people." He is entitled to a like service granted to others who are similarly conditioned and without proof that he is denied that right the writ should not issue. The "class of people" to whom the service is made is not material, it is the condition and character of the service required in view of location, extent, volume, etc., of the service. The mere fact that a different sum is demanded is not unfair or unjust discrimination. The rule of the company may be necessary for its existence and if it is not an unreasonable one the relator has no just ground of complaint. Similar differences in charge or rate have been upheld in many cases : Central Dist., etc., Tel. Co. v. Friend & Co., 114 Pa. 592;

Martinsburg Bank v. Tel. Co., 150 Pa. 36 ; Hoover v. Penna.
R. R. Co., 156 Pa. 220 ; Bald Eagle Valley R. R. Co. v. Nittany
Valley R. R. Co., 171 Pa. 284.

The judgment is reversed.