## Allegheny County Light Company v. Shadyside Electric Light Company, Appellant.

*Electric light companies—Discrimination—Rates—Corporation.*

Where an electric light company offers to all of its customers a yearly contract at a reduced rate over the existing monthly contracts, and one of the customers refuses to sign the yearly contract, and continues to take gas, he is bound to pay the monthly rate, if it appears that the company did not give the reduced rate to any other customer who had refused to sign the yearly contract.

Argued April 30, 1908. Appeal, No. 171, April T., 1908, by defendant, from order of C. P. No. 2, Allegheny Co., April Term, 1907, No. 868, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Allegheny County Light Company v. Shadyside Electric Light Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*George L. Roberts*, for appellant.—The contract is illegal by reason of the conditions contained therein: Baily v. Fayette Gas-Fuel Co., 193 Pa. 175; Mercur v. Light, Heat & Power Co., 19 Pa. Superior Ct. 519; Hoehle v. Heating Co., 5 Pa. Superior Ct. 21; Donahue on Petroleum and Gas, 289.

Specific performance of the contract cannot be enforced, because it lacks that mutuality which would entitle the plaintiff to enforce its performance specifically: Meason v. Kaine, 63 Pa. 335; Marble Co. v. Ripley, 77 U. S. 339; Eclipse Oil Co. v. Oil Co., 47 W. Va. 84 (34 S. E. Repr. 923); Philips v. Mining & Mfg. Co., 7 Phila. 619.

The conditions in said contract are against public policy and therefore void, and the contract is not enforceable: Hughes v. Railroad Co., 202 Pa. 222.

The plaintiff is only entitled to recover, in this action, from the defendant, the market value of electricity furnished from October 1, 1906, to February 12, 1907, that is, the price at which it furnished electricity to its other patrons: Rockland Water Co. v. Adams, 84 Me. 472 (24 Atl. Repr. 840); Coy v. Gas Co., 146 Ind. 655 (46 N. E. Repr. 17); Shepard v. Gas Light Co., 6 Wis. 539.

*David A. Reed*, with him *Reed, Smith, Shaw & Beal*, for appellee.—We sue for the contract price of electricity sold and delivered—nothing more. The price, the sale, the delivery are admitted. The contract is wholly executed by appellee. It is too late now to raise the objection of want of mutuality: Grove v. Hodges, 55 Pa. 504; Mississippi Glass Co. v. Franzen, 143 Fed. Repr. 501; Green v. Richards, 23 N. J. Eq. 32, 35; Wheeler & Wilson Mfg. Co. v. Lyon, 71 Fed. Repr. 374.

OPINION BY BEAVER, J., July 15, 1908:

February 14, 1903, the plaintiff and the defendant entered into a contract "subject to the rules and regulations printed on the back thereof" for furnishing electricity for 500 16 C. P. lamps or the equivalent thereof. The defendant, the consumer, agreed on its part "to use not more than 500 16 C. P. lamps (or the equivalent thereof) at any one time during the term of one year from the time at which the connection is made, and to pay therefor on or before 10 days from the date of bill rendered, at the rate of twenty cents for each thousand Watt hours of electricity furnished during the preceding month, but in case the electricity furnished in any month amounts to

less than fifty dollars, the said consumer agrees to pay the sum of fifty dollars net for any such month. When the electricity furnished in any one month is equal to or exceeds the sum of fifty dollars, a discount of 30 per cent will be allowed thereon, if paid on or before 10 days from the date of bill rendered." It was further provided that: "This contract shall continue in force after the expiration of the term named, until either party shall give 30 days' notice in writing of a desire to terminate the same, at the expiration of which time this contract shall be terminated."

Among the rules and regulations printed on the back of this contract, No. 4 stipulates that, "The Allegheny County Light Company reserves the right to shut off the supply of electricity, without notice, for any of the following reasons: 1st, for repairs; 2d, for want of supply; 3d, for non-payment of any bill when due." And in No. 5: "In case the supply of electricity should fail, whether from natural causes or accident in any way, this Company shall not be liable for damages by reason of such failure, nor shall it be liable, in any event for damages to person or property arising, accruing or resulting from the use of electricity."

The defendant does not deny that electricity was furnished, in accordance with the provisions of this contract, between November 9, 1906, and February 12, 1907.

On August 27, 1906, the plaintiff addressed a letter to the customers of the Allegheny County Light Company, offering to reduce the net price charged responsible consumers from fourteen cents per 1,000 Watt hours with a discount of two cents per 1,000 Watt hours on bills paid on or before the ten days from the date hereof, inclosing a copy of contract, with the information that the signing and return of the same "will give you the benefit of the new rate and will cancel your old contract on your first meter reading after October 1st;" with the further information that "The necessity of accepting this reduced rate at once is urgent, as billings will be made in absolute accord with the contracts in force after October 1st, 1906." It is admitted that the defendant neglected or refused to sign the new contract.

VOL. XXXVII—6

The charge, for ·which recovery is sought here, is for light furnished under the contract set forth in the plaintiff's statement from November 9, 1906, which was subsequent to the date at which the new rate went into effect, so far as those who signed new contracts for a year were concerned, to February 12, 1907.

As has ordinarily been held, the plaintiff could not give undue or unreasonable preference or advantage to, or make unfair discrimination among, its customers, where the conditions are like and circumstances similar: Mercur v. Media Electric Light, Heat & Power Co., 19 Pa. Superior Ct. 519.

The contract offered by the plaintiff to its consumers to furnish light at a reduced rate was based upon the express condition that "The term of this contract shall not be for a shorter period than one year from date of connection, except, that, should the customer remove from the premises, notice in writing, thirty days in advance shall be given the Company, when the contract shall be terminated."

For reasons of its own, not disclosed, the defendant company refused to, or at least did not sign, the new contract, and it is not alleged that the reduced price was given to any others who neglected or refused to do so.

The plaintiff evidently sought to secure regular customers for a year, whether for the purpose of a steady market for their light which would justify enlargement or not, is not material. The offer of a like price, upon like conditions, was made to all of its customers.

The conditions of the new contract seem to us to be entirely reasonable and it was only necessary for the defendant to comply with them, in order to secure the rate offered to all customers complying therewith. Failing to comply with these conditions, what was the status of the defendant? Surely, as held by the court below, that which arose under the contract existing between the plaintiff and defendant, under which the light, recovery for the price of which is sought, had been furnished.

This is not the case of an attempt to avoid specific performance or to set aside a contract, because of lack of mu-

tuality or unreasonable conditions which are against public policy. It is the case where the plaintiff has furnished the commodity agreed to be furnished at a fixed price under a definite contract with the defendant which has accepted the benefits of the contract and profited thereby. We see no lack of mutuality in the contract. If the defendant was dissatisfied with it, application could have been made to the court to set it aside for the reasons now advanced, or at the end of the year it could have terminated it, as could the plaintiff, by thirty days' notice. It did neither. It accepted the benefits of the contract and now seeks to avoid its liability, on the ground of a lack of mutuality and because of certain waivers contained therein, which are alleged to be against public policy.

Taking the facts as set forth in the statement and in the supplemental affidavit of defense, which contains the substance of the defendant's allegations, we see no discrimination against the defendant. It was placed undeniably upon the same basis, so far as the new contract was concerned, as were all other consumers. There is no allegation that any consumer who refused to sign the new contract was granted any better terms than are sought to be enforced in the present suit.

There is no lack of consideration. The plaintiff agreed to sell to the defendant a merchandise commodity, for which the defendant agreed to pay a certain price. The commodity was actually furnished. The price should, therefore, be paid, unless good reason be shown to the contrary. There is no lack of mutuality in the contract, so far as we can discover. Either party could terminate it upon the same terms. Both were bound by it, so long as it existed by the terms of its own limitation.

Our attention is called to the cases in which it has been held that liability for the negligence of a common carrier cannot be waived by a passenger or transporter of goods, wares and merchandise. There is, in rule 5, heretofore quoted, a provision that "This Company shall not be liable for damages, by reason of such failure (namely, to supply electricity, whether from natural causes or accident in any way) nor shall it be liable, in any event for damages to person or property arising, accruing

or resulting from the use of electricity." We are not now considering the question as to whether or not the company would be liable for any negligence of its own, under this clause, and even if it were to be held that this clause in the contract was inoperative, because against public policy, we cannot see that it avoids the obligation of the defendant to pay for the electricity actually furnished by the plaintiff and consumed by it.

On the whole case, as presented, notwithstanding the earnest and elaborate argument of the appellant, we are all convinced that the court below properly disposed of this case in entering judgment for want of a sufficient affidavit of defense.

Judgment affirmed.