# Pittsburgh & Lake Erie Railroad Company, Appellant, *v.* Colonial Steel Company.

*Railroad companies—Contracts for special rates—Alleged discrimination—Constitution of Pennsylvania, Art. XVII, Sec. 3, Act of June 4, 1883, P. L. 72—Affidavit of defense—Counterclaims.*

1. A special contract between a railroad company and a manufactory for a special rate for the transportation of fuel to the manufactory, is not undue or unreasonable discrimination in violation of Art. XVII, Sec. 3, of the Constitution of Pennsylvania, or of the Act of June 4, 1883, P. L. 72, prohibiting undue or unreasonable discrimination in charges for transportation of freight or passengers.

2. A railroad company agreed with a factory to transport coal from certain districts to the factory at 50 cents per ton; the factory in return agreed to give preference to the railroad company in shipments of freight to and from its factory, when not contrary to the request of a customer; the 50 cent rate was the published tariff rate of the railroad company and by the terms of the contract was to remain in force for thirty years. The railroad company subsequently raised the rate and sought to recover from the factory the difference between the contract rate and the new rate on certain shipments of coal. The factory in its affidavit of defense counterclaimed for the amount of certain alleged excess payments which it had made under the new tariff. The lower court decided that the contract was valid and entered judgment for defendant for the amount of the counterclaim. *Held,* no error.

Argued Oct. 11, 1915. Appeal, No. 16, Oct. T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1912, Docket "C," No. 2675, for defendant awarding certificate for amount of counterclaim set forth in affidavit of defense, in case of Pittsburgh & Lake Erie Railroad Company v. Colonial Steel Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Assumpsit for freight charges.

Rule for judgment for want of a sufficient affidavit of defense. Before EVANS, J.

The opinion of the Supreme Court states the facts.

The affidavit of defense set up a counterclaim for $9,-088.42 and demanded a certificate for that amount. The court decided that the affidavit of defense was sufficient and entered judgment for defendant for the amount of the counterclaim. Plaintiff appealed.

*Error assigned,* among others, was the judgment of the court.

*George E. Shaw,* of *Reed, Smith, Shaw & Beal,* for appellant.—The contract relied upon by defendant was against public policy: Thomas v. Railroad Co., 101 U. S.

71; Stewart v. Lehigh Val. R. R. Co., 38 N. J. Law 505; Messenger v. Penna. R. R. Co., 37 N. J. Law. 531; Poor v. Chicago, Burlington & Quincy R. R. Co., et al., 12 I. C. C. 418; Central R. R. Co. of N. J. v. Mauser, 241 Pa. 603.

The contract is in violation of Article XVII, Section 3, of the Constitution of Pennsylvania, providing that no undue or unreasonable discrimination shall be made in charges for or facilities for transportation of freight or passengers: Kinsley v. Buffalo, N. Y. & Philadelphia R. R. Co., 37 Fed. Repr. 181; United States v. Tozer, 39 Fed. Repr, 369; Harvard Co. v. Penna. Co., et al., 4 I. C. C. 212; Glade Coal Company v. Balto. & Ohio R. R. Co., 10 I. C. C. 226; Planters' Compress Co. v. Cleveland, Cin., Chicago & St. Louis Ry. Co., et al., 11 I. C. C. 382; Carr v. Nor. Pa. Ry. Co., 9 I. C. C. 1; Stowe-Fuller Co. v. Penna. Co., et al., 12 I. C. C. 216; Fort Smith Traffic Bureau v. St. Louis & San Francisco R. R. Co., et al., 13 I. C. C. R. 651; Schofield v. Railways Co., 43 Ohio 571; Hilton Lumber Co. v. Atl. Coast Line R. R. Co., 136 N. C. 479.

*George C. Burgwin,* for appellee.—The case is ruled by Hoover v. Penna. R. R. Co., 156 Pa. 220, which is reaffirmed by the Supreme Court in Bald Eagle Valley R. R. Co. v. Nittanny Valley R. R. Co., 171 Pa. 284.

The discrimination was not unreasonable and was therefore valid: Bailey v. Fayette Gas-Fuel Co., 193 Pa. 175; Phipps v. London & North Western Ry. Co., L. R. 1892, 2 Q. B. 229.

The argument that the contract is against public policy "because it will prevent the appellant from discharging the functions for which it is incorporated" begs the question.

Contracts made by railroad companies for transportation of freight for long periods of time at rates fixed in the contract are not void, where they are made in good faith and to the mutual advantage of both parties: Cleveland & Mahoning R. R. Co. v. Himrod Furnace Co.,

37 Ohio 321; Laurel Cotton Mills v. Gulf & Ship Island
R. R. Co., 66 L. R. A. (Miss.) 453, 10 years; Del., Lack.
& Western R. R. Co. v. Kutter, 147 Fed. Repr. 51, 10
years; Himrod Furnace Co. v. Cleveland & Mahoning R.
R. Co., 22 Ohio 451, 10 years; Bayless v. Kansas Pac. Ry.
Co., 13 Col. 181, 12 years; Hoover v. Penna. R. R. Co., 156
Pa. 220, time unlimited; Dubuque & Sioux City R. R.
Co. v. Richmond, 86 U. S. 584; Sandusky Portland
Cement Co. v. Balto. & Ohio R. R. Co., 187 Fed. Repr.
583; Laurel Cotton Mills v. Gulf and Ship Island R. R.
Co., 66 L. R. A. 453; Delaware, Lack. & Western R. R.
Co. v. Kutter, et al., 147 Fed. Repr. 51; Texas & Pac. Ry.
Co. v. Interstate Commerce Com., 162 U. S. 197; Inter-
state Commerce Com. v. Alabama Mid. Ry. Co., 74 Fed.
Repr. 715; Armour Packing Co. v. United States, 209 U.
S. 56; Cincinnati, New Orleans & Texas R. R. Co. v. Int.
Com. Com., 162 U. S. 184.

OPINION BY MR. CHIEF JUSTICE BROWN, January 3,
1916:

In May, 1901, the Colonial Steel Company, then in
process of organization, contemplated the erection of a
plant for the manufacture of steel, on the line of the
Pittsburgh & Lake Erie Railroad, and one James W.
Brown, acting on its behalf, entered into negotiations
with the railroad company for an agreement covering
rates to and from the proposed site of the plant at South
Monaca, this State. The negotiations resulted in the
making of a contract on May 15, 1901, between the rail-
road company and Brown, which, on the 13th of the fol-
lowing month, was assigned to the Colonial Steel Com-
pany, in pursuance of an agreement by the railroad com-
pany that it should be so assigned. The contract covers
freight rates to and from Monaca, Pa., where the steel
plant is located, and points on the Pittsburgh & Lake
Erie Railroad and its connections, among them being a
rate of fifty cents per ton on coal from mines in the Pitts-
burgh district to Monaca. In return, the steel company

agreed to give preference to the railroad company, at equal rates for receipt and shipment of all freight connected with its works when not contrary to the expressed request of a customer or shipper. At the time the contract was made the fifty-cent rate on coal was the published tariff rate of the railroad company, and, by the terms of the contract, was to remain in force for thirty years. The plant was constructed, and for several years settlements for transportation charges were made in accordance with this rate. In the course of time, however, the railroad company revised its tariffs and published a rate on coal of sixty cents per ton between the points mentioned. The appellee, for a time, paid in accordance with the new tariff, partly through a mistake of fact and partly under duress, but prior to the institution of this suit refused to pay more than the contract rate of fifty cents per ton, setting up the contract of May 15, 1901, as a defense to the appellant's claim, and demanded a certificate in its behalf for the amount it had overpaid under such mistake or duress. The only matter in dispute between the parties is the validity of the contract of May 15, 1901, and they entered into a stipulation, which was duly filed of record in the court below, wherein they submitted that question to the court, with the further stipulation that, if it should be of opinion that the said contract was invalid, judgment should be entered for the plaintiff for the amount of its claim for sixty cents per ton for all coal carried after the change in the tariff rates; but if it should be of opinion that the contract was valid and binding, judgment should be entered for the defendant for the amount for which it demanded a certificate. The case came on to be heard on a rule for judgment for want of a sufficient affidavit of defense in connection with the said stipulation, and the court, being of opinion that the said contract was valid and still in force, judgment was entered in favor of the defendant for $9,088.42, with interest from March 31, 1912. From this the plaintiff has appealed.

The controversy between the appellant and appellee is for the courts of this State, and is to be settled by its laws. The agreement upon which the appellee stands is a Pennsylvania contract; its subject-matter is intrastate traffic, and, at the time of its execution, its validity was not an open question. Nine years before, in Hoover, et al., v. Penna. R. R. Co., 156 Pa. 220, Mr. Justice GREEN, speaking for an undivided court, held, in a most exhaustive opinion, that a special contract for a special rate with a manufactory for the transportation of fuel— like the one before us—is not undue or unreasonable discrimination in violation of Section 3, Article XVII, of the Constitution, or of the Act of June 4, 1883, P. L. 72. What was said in that case applies with equal force to the similar facts in the case at bar, and its reasoning, approved in two later cases—Bald Eagle Valley R. R. Co., et al., v. Nittany Valley R. R. Co., et al., 171 Pa. 284, and Baily v. Fayette Gas-Fuel Co., 193 Pa. 175, is as convincing with us as it was with our predecessors. No attempt is made to distinguish it from the case now before us, and none can successfully be made. The only plea of learned counsel for the appellant is that what was there held is against the policy of the law to-day, and we are asked, in effect, to overrule the case. The policy of the law of this State now was its policy when that case was decided, and we now follow it in sustaining the right of the appellee to insist upon compliance by the appellant with its agreement to carry coal for fifty cents per ton from the mines in the Pittsburgh district to Monaca. If we were to say more it would be merely to repeat what was said in the Hoover case. Nothing in the legislation of this State, passed since it was decided, has impaired the validity of the contract of May 15, 1901, and the judgment is therefore, affirmed.