## Westerhoff Brothers Co. v. Ephrata Borough et al.

*Boroughs—Furnishing of electricity by—Illegal discrimination—Different prices for power and for light—Proper basis for discrimination—Scope of borough ordinance fixing prices—When bill multifarious—Amendment—Practice —Equity Rule 35.*

1. A discrimination in the price charged by municipal or public service corporations for electric current, based solely on the use made of it by the customer when it enters his building, is an illegal discrimination.

2. While a reasonable discrimination, based on special advantages to the service company or on the quantity of current used, might be legal, a discrimination in favor of the users of electric power, as against the users of light, would not be legal, as individual light customers might use more than individual power customers, nor can the discrimination be based on the value of the service to the customer.

3. A bill is multifarious which joins distinct, independent and separate causes of complaint which require different defences and different decrees.

4. Where a bill might be dismissed as multifarious, the court has power, nevertheless, to permit the plaintiff to amend where, upon hearing, a demurrer is or is about to be allowed.

5. The defendant borough owned and operated a plant for generating electricity, and sold the current to residents of the borough at the fixed rates of four cents per kilowatt hour for a 220-volt current to be used for power, and ten cents per kilowatt hour for a 110-volt current for light. The plaintiff, in operating a silk mill, used a 220-volt current for power, and also a portion of it for light, for which latter the borough attempted to charge ten cents, under threat to cut off the current. The plaintiff brought a bill in equity, asking for an injunction to restrain this action, and also asking that the price to be charged for the current be fixed and lowered to a reasonable amount and the excess charges returned to the plaintiff. On demurrer: *Held*, that if the plaintiff amended by striking out the latter prayer and its sustaining paragraphs, the demurrer should be dismissed.

6. In such case it was not necessary to attach to the bill a copy of the borough ordinance fixing the terms under which electricity was supplied to the citizens.

Demurrer to bill in equity for injunction, etc. C. P. Lancaster Co., Equity Docket No. 6, page 540.

*F. Lyman Windolph*, for plaintiff; *John E. Malone*, for defendants.

HASSLER, J., April 14, 1923.—The demurrer filed in this case makes three objections to plaintiff's bill. The first is that the bill sets forth no equitable cause for relief. The only reason urged in support of this is that a copy of an ordinance of the defendant borough, which, it is said, contains the terms under which electricity is supplied to the citizens, has not been attached to the bill. We do not think it was necessary for the plaintiff to have done this, as the

equity rules do not require it. The plaintiff asks for a decree in its favor because the defendant makes a difference in the rate charged for electric current, depending upon whether it is used for light or for power. This it claims is an illegal discrimination. If there is an ordinance that justifies the borough in making such discrimination, it is a matter of defence, and the defendant would have to produce it. We are of the opinion that the bill sets forth a good cause of action without attaching a copy of the ordinance referred to.

The second objection is that the bill does not show an illegal discrimination against the plaintiff, as it shows that it is using, and desires to continue to use, a 220-volt current, instead of a 110-volt current, for light purposes, whereas the ordinance provides that the 220-volt current is to be used for power, which is charged for at 4 cents per kilowatt hour, and the 110-volt current is to be used for light, and is charged for at 10 cents per kilowatt hour.

In its bill the plaintiff, a corporation, alleges that the Borough of Ephrata, one of the defendants, a municipal corporation located in this county, owns and operates a plant for generating electric energy, which it sells to persons, firms and corporations residing within the limits of the borough, and that the persons other than the Borough of Ephrata named as defendants in the bill are officers and employees of the defendant borough in charge and control of said electric plant; that the said borough, by an ordinance, provides that all electric current sold must be metered, and is of two kinds of currents, viz., a 220-volt current and a 110-volt current; that the 220-volt current is furnished for power at 4 cents per kilowatt hour, and the 110-volt current for lighting at 10 cents per kilowatt hour. The plaintiff operates a silk mill in the defendant borough, and is a large consumer of electric energy, which is furnished to it in a 220-volt current, and which is largely used by it for power in operating its mill, for which it pays the rate fixed by ordinance, viz., 4 cents per kilowatt hour; that of this current it uses a portion for light; that the defendant borough, in September, 1922, ordered it to install a separate meter to show the quantity used for light, for which it was to pay the sum of 10 cents per kilowatt hour, and threatened that, unless it did so, it would cut off and terminate the supply of electric energy furnished to the plaintiff. A temporary change, as requested, has been made. The plaintiff, among other things, asks that the defendant be enjoined from making a difference in the price of the 220-volt current sold, or to be sold, to the plaintiff, according to the use to which the said current is put by it, and to restrain them from interfering with or cutting off the supply of electric energy from the factory of the plaintiff.

In Baily v. Fayette Gas-Fuel Co., 193 Pa. 175, where the gas company made a different charge for gas furnished for heating purposes from the charge made for gas furnished for light purposes, the court below decided that it was not an illegal discrimination, which finding was reversed by the Supreme Court. In delivering the opinion of the court, Mr. Justice Mitchell said: "The gas is brought by the company through the same pipes for both purposes and delivered to the customers at the same point—the curb. Thence it goes into pipes put in by the consumer, and, after passing through a meter, is distributed by the customer through his premises according to his own convenience. The regulation in question seeks to differentiate the price according to the use for heating or for light. It is not claimed that there is any difference in the cost of the product to the company, the expense of supplying it at the point of delivery or its value to the company in the increase of business or other ways. Some effort was made to show increased risk to the company from the use of

Westerhoff Brothers Co. *v.* Ephrata Borough et al.

gas for lighting purposes, but the evidence of danger was so remote and shadowy that it cannot be considered as more than a mere makeweight. The real argument seeks to justify the difference in price solely by the value of the gas to the consumer, as measured by what he would have to pay for a substitute for one purpose or the other if he could not get the gas. This is a wholly inadmissible basis of discrimination.

"The implied condition of the grant of all corporate franchises of even quasi-public nature is that they shall be exercised without individual discrimination in behalf of all who desire. From the inception of the rules applied in early days to innkeepers and common carriers down to the present day of enormous growth of corporations for nearly every conceivable purpose there has been no departure from this principle. And from all the legion of cases upon this subject the distinguished counsel for the appellee have not been able to cite a single one in which a discrimination based solely on the value of the service to the customer has been sustained." This case has not been reversed or modified, as is contended, but as late as Pittsburgh & Lake Erie Ry. Co. *v.* Colonial Steel Co., 251 Pa. 460, 465, has been cited and approved. See, also, Mercur *v.* Media Electric Co., 19 Pa. Superior Ct. 519.

In Robbins *v.* Bangor Railway and Electric Co., 1 L. R. A. (N. S.) 963, the Supreme Court of Maine, Savage, J., said: "While it may be lawful to classify water-takers not arbitrarily, but upon reasonable grounds, as, for instance, as between boarding-houses and private dwelling-houses, and while it may be true in instances that a charge to a small customer is not necessarily unreasonable because in excess of what a large customer would have to pay for the same amount of water, still, as bearing upon the question of discrimination, it must be true that the quantity of water used and the cost of the individual service are the principal elements for consideration in fixing the charges as between individual water-takers or classes of takers; and it has been held that a public service company cannot make a difference in price according to the use made by the customer, nor is a discrimination proper based on the value of the services to the customer: Bailey *v.* Fayette Gas-Fuel Co., 193 Pa. 175; Richmond Natural Gas Co. *v.* Clawson, 155 Ind. 659."

Hoover *v.* Pennsylvania R. R. Co., 156 Pa. 220; Phipps *v.* London & Northwestern Ry. Co., L. R., 1892, 2 Q. B. 229; Steinman & Foltz *v.* Edison Electric Illuminating Co., 26 Lanc. Law Rev. 178, and 27 Lanc. Law Rev. 409; Consolidated Ice Co. *v.* Pittsburgh, 274 Pa. 558; Central Iron and Steel Co. *v.* Harrisburg, 271 Pa. 340; Youngman *v.* Water Commissioners of Erie, 267 Pa. 490; Mercur *v.* Media Electric Light Co., 19 Pa. Superior Ct. 519, several of which are cited by the defendant in support of the demurrer, appear to be in conflict with this, but they are decided on a very different principle. In all of them a difference in price charged was held to be proper where the corporation had some special advantage in making a different price for service, such as a longer contract, the quantity used, or that a meter was used, etc. Justice Mitchell, in Baily *v.* Fayette Gas-Fuel Co., 193 Pa. 175, pointed out the distinction between it and several of the above cases when he said that those cases belong to the numerous class where a discrimination was sustained on the basis of special advantages to the carrier, not the customer. None of them are in conflict with the principle decided in Baily *v.* Fayette Gas-Fuel Co., that a discrimination in price cannot be made solely on the basis of the value of the services to the customer.

It is contended by the attorney for the defendant, in support of his demurrer, that a distinction in the prices charged for power is justified for the reason that it is cheaper to supply electricity for power than for light, because

those using the former use considerably more than those using it for the latter purpose. This necessitates extra book-keeping, extra meters, and service of the inspector, which considerably increases the cost of current for lighting purposes to the borough. We do not agree with this contention. Each of the fifty or sixty light customers to whom he refers may use more current than one customer who uses it for power, and they would be required to pay 10 cents a kilowatt hour for their current and the power customer only 4 cents. If the discrimination was based on the quantity used, and was a reasonable discrimination under the authority of the cases cited by the defendant's counsel in his brief, the difference in price would be a legal discrimination, but as the discrimination is made by the defendant in this case solely because of the use the customer made of the current when it entered his building, we think it is an illegal discrimination, and cannot be sustained under the authority of the case of Baily v. Fayette Gas-Fuel Co.

The remaining objection to the bill made in the demurrer is that the bill is multifarious. There are eleven prayers for relief contained in the bill. The first three are for an injunction to restrain the defendants from making a difference in price of the 220-volt current, according to the use that is made of it, and to prevent the defendants from cutting off the plaintiff's supply of electric current. The facts upon which this relief is asked for are contained in the first thirteen paragraphs of the bill. In addition to those thirteen paragraphs, there are seven more, which allege that the borough is maintaining electric street lamps for which it pays into the treasury of the light company a flat sum, less than the actual cost of production, and it is using moneys obtained from furnishing electric current in the repairs of the streets, that it has profits to the amount of about $18,000 which is not expended in the maintenance and operation of the electric plant, that it has charged the plaintiff excessive rates, and it, therefore, asks that the defendant be restrained from those acts, as they increase the price charged the plaintiff for current; that the price to be paid for current which would properly compensate the defendant be fixed, and that the amount paid by the plaintiff to the defendant in excess of what it should have paid be ascertained and returned to the plaintiff. This clearly makes the bill multifarious. A bill which comprehends two entirely distinct and different complaints is multifarious: Whetham v. Railroad Co., 8 Phila. 92. A bill is multifarious which joins distinct, independent and separate causes of complaint which require different defences and different decrees: Caughey v. Harrar, 21 Lanc. Law Rev. 353; Hutchinson v. Dennis, 217 Pa. 290; or which seeks two wholly distinct objects: Ostrander v. Higgins, 24 Dist. R. 24.

Counsel in this case have expressed a desire to have the principal question, viz., whether there is an illegal discrimination, decided, and while we might dismiss this bill because it is multifarious, under Rule 35 of the Equity Rules, we have power to permit the plaintiff to amend his bill where, upon hearing, the demurrer is or is about to be allowed. In Citizens Natural Gas Co. v. Shenango Natural Gas Co., 138 Pa. 22, the court, affirming the report of the court below and the master, decided that a bill which is ordinarily open to objection for multifariousness may be treated by the court as if it were but single, and proceed to decide the matter which is the real object of the bill: Story Equity Pleading, 283. If, therefore, the plaintiff moves to strike out paragraphs 14 to 20, inclusive, and prayers 4, 5, 6, 7, 8, 9 and 10 of its bill within five days, a decree will be entered dismissing the demurrer and directing the defendant to file an answer, otherwise the demurrer will be sustained.

From George Ross Eshleman, Lancaster, Pa.