# Westerhoff Bros. Co. *v.* Ephrata Borough et al., Appellants.

*Boroughs—Electric plant—Supply of light and power to customers—Rates— Classification— Discrimination— Presumption— Municipalities—Public utilities—Public Service Company Law.*

1. Municipal corporations, when operating public utilities, do not come within the Public Service Company Law, but, in determining whether they discriminate in charges made, they are to be placed in the same category as private corporation.

2. Neither a municipality nor a private corporation may, without reason, differentiate in the prices charged to the same class of customers.

3. Where the cost of the product supplied is uniform, the corporation selling it cannot object to the use made of it by the customer.

4. But if some consideration for the difference in charge can be made apparent, or if it can be shown that there is a difference in the cost of supplying, or in keeping ready to do so, a contrary conclusion is reached.

5. Presumptively, the classification made by a municipality supplying light and power to customers is based on proper grounds.

6. Where a borough operating an electric plant charges a certain rate for power, and a different rate for light, a customer is bound to pay for the light service at the same rate as all other customers, and cannot evade responsibility by reducing the power voltage received to that available for light.

Argued February 10, 1925. Appeal, No. 155, Jan. T., 1925, by defendants, from decree of C. P. Lancaster Co., Equity Docket No. 6, page 540, on bill in equity, in case of Westerhoff Bros. Co. v. Ephrata Borough et al., Superintendent of Plant and Light Committee of Borough. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Bill for injunction. Before HASSLER, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff. Defendants appealed.

*Error assigned* was, inter alia, decree, quoting it.

*John E. Malone,* for appellants.—If it is the law governing public service companies that they can classify according to use, the same principle must apply in the case of municipalities furnishing like service to the public: Duquesne Light Co. v. Public Service Com., 273 Pa. 287; Hanna Co. v. Erie County Electric Co., 2 Pa. Corp. R. 199; Hamilton v. Electric Co., 5 Pa. Corp. R. 516; Graver v. Illuminating Co., 110 N. Y. 603.

The burden of proving a discrimination being on appellee, the bill should have been dismissed, as no proof to establish discrimination was offered by appellee, other than the resolution and ordinance fixing the rates.

*F. Lyman Windolph,* for appellee, cited: Baily v. Gas-Fuel Co., 193 Pa. 175; Barnes Laundry Co. v. Pittsburgh, 266 Pa. 24.

OPINION BY MR. JUSTICE SADLER, March 16, 1925:
The Borough of Ephrata became the owner, in 1900, of an electric light plant, and thereafter furnished current for power and light to those located within its limits. It supplied a 220-volt current for the former purpose, and one-half this amount for the latter. In 1920, an ordinance was passed, amended by resolution

the year following, fixing its charges at four cents per kilowatt hour for the one class of service, and ten cents for the other, and requiring that all be metered. Westerhoff Bros. Co., plaintiff, had operated a silk mill in the town since 1897, supplying largely its own electrical energy, but also purchasing from the municipal plant. In 1922, request was made that separate meters be installed by it, so that the portion of current used for power and lighting respectively could be determined, and charges made according to the rate adopted by the borough. Complaint was made by the plaintiff on the ground that it had the right to use the current supplied for power in whatever manner deemed fit, and was entitled to receive the same at the price fixed for such service,—it reduced the voltage so as to be available for lighting purposes, for which the current was admittedly consumed in part. A threat to discontinue any further supply, if the terms of the ordinance were not complied with, led to the filing of the present bill, which sought to restrain such action. It was averred the difference in rates for power and light was discriminatory, and, as a result, illegal. The contention that, if the current was purchased for power, complainant could use it as it saw fit, was sustained by the learned court below, and therefore it was not required to install meters, and pay at the lighting rate for that portion so taken. From the final decree, making permanent the injunction granted, this appeal is taken.

Municipal corporations, when operating public utilities, do not come within the Public Service Act of 1913, but, in determining whether they discriminate in charges made, are to be placed in the same category as private corporations: Barnes Laundry Co. v. Pittsburgh, 266 Pa. 24. Neither may, without reason, differentiate in the prices charged to the same class of customers. They must furnish impartially, and on equal terms, all who apply for service: Robbins v. Bangor R. & E. Co. (Me.), 1 L. R. A. (N. S.) 963. And, where the cost of product

supplied is uniform, the corporation selling it cannot object to the use made of it by the consumers: Baily v. Fayette Gas-Fuel Co., 193 Pa. 175. If, however, some consideration for the difference in charge can be made apparent (Pittsburgh & L. E. R. R. v. Colonial Steel Co., 251 Pa. 460), or if it can be shown there is a difference in the cost of supplying, or in keeping ready to do so, the contrary conclusion is reached. Reasonable distinctions may be made, based on the kind of service demanded: Mercur v. Media Electric Co., 19 Pa. Superior Ct. 519; Robbins v. Bangor R. & E. Co., supra. For instance, it may rest on the amount of power consumed and paid for: Graver v. Edison Electric Illuminating Co., 110 N. Y. Supp. 603.

As was recently said by this court in Duquesne Light Co. v. Pub. Ser. Com., 273 Pa. 287, 295: "While the Public Service Company Law '[not applying here, but the controlling principle is the same] in no uncertain terms forbids rates which are 'unjust or unreasonable or inadequate, or are unjustly discriminatory or unduly or unreasonably preferential,' it nevertheless permits such classifications thereof as do not offend against the provision quoted; and hence a utility company has the right (which appellees have exercised in their new tariff now objected to) to divide its customers into groups, according to the purpose for which the electricity or steam is needed, these being subdivided into classes according to the quantity taken; each group and its subdivisions being set forth in a separate schedule, and the whole of the schedules forming the tariff filed with the commission, and binding alike upon the company and its customers."

In the present case, plaintiff rested upon proof of the ordinance, and resolution later passed, by which the rate for power and lighting varied from four to ten cents per kilowatt hour, and insisted this was discriminatory, since it adapted the 220-voltage to one-half this amount for lighting purposes through its own trans-

formers, and should not, therefore, be charged with more than the minimum rate, no matter how the energy was used. Presumptively, the classification made by the municipal authorities was based on proper grounds, and the only evidence on the subject, and that was submitted by the defendants, showed this to be true. The cost of maintaining the plant for lighting purposes, largely used in certain hours of the day only, made necessary an additional charge for such service. Such a classification as to rates has long been recognized as proper by the Public Service Commission of this and other states, but any extensive reference to these rulings is deemed unnecessary here. The reason is well set forth in a decision above cited (Garver v. Edison Electric Ill. Co., supra), and what is there said need not be enlarged upon. The complainant furnished no evidence which would justify a finding that discrimination had been practiced as to it, and a finding of fact to the contrary lacks any substantial support. If anything is to be gathered from the record, it is that the classification made was reasonable, and the difference in charges for power and light based on cost of production. Complainant, by the ordinance, was bound to pay for the latter service at the same rate as were all other consumers, and could not evade its responsibility by a subterfuge, reducing the power voltage to that available for illumination.

From what has been said, it follows that the assignments of error must be sustained and the decree set aside.

The decree is reversed at the costs of appellee, the injunction is dissolved, and the bill in equity is dismissed.