EDWARD H. SQUIER *vs.* MARY HARVEY *et al.*

A testator by his will, executed in 1885, provided :

"I give and bequeath to my beloved wife M. all of my estate, . . . except as hereinafter named, to her for her own use and benefit and behoof forever, as long as she shall remain my widow;

"To have and to hold the same, with all the rights and privileges thereof, to her the said M. her heirs and assigns forever.

"But in case my said wife shall marry again at any time after my decease, then I give and bequeath all of my real estate, however or wherever situated, to J., to and for his own use, benefit, and behoof forever."

Then followed certain specific and pecuniary bequests, among the latter one to J. of $2,000. The final disposing clause of the will was:

"I also give and bequeath to the said J. all the rest, residue, and remainder of my estate left after the expense of settling my estate be paid."

*Held*, that the wife M. took the entire estate after payment of debts and legacies, pecuniary and specific, to hold subject to the defeasance in favor of J., who, in case of her remarriage, would receive the estate both real and personal.

BILL IN EQUITY for instructions, and to obtain a judicial construction of the following will, which was proven before the Municipal Court of the city of Providence, sitting as a court of probate, March 31, 1885 :

":I, Ira Harvey, of the city and county of Providence, in the State of Rhode Island, make this my last Will and Testament in manner following, that is to say :

" I direct that all my just debts, funeral expenses, expense of settling my estate, and expense of suitable gravestones at my grave, be first paid.

" I give and bequeath to my beloved wife, Mary Harvey, all of my estate, real, personal, and mixed, wherever or however situated, together with all my household furniture and family stores, except as hereinafter named, to and for her own use, benefit, and behoof forever, as long as she shall remain my widow.

" To have and to hold the same, with all the rights and privileges thereof, to her, the said Mary Harvey, her heirs and assigns forever.

" But in case my said wife shall marry again at any time after my decease, then I give and bequeath all of my real estate, however or wherever situated, to James G. Harvey, to and for his own use, benefit, and behoof forever.

" I also give and bequeath to my said wife, Mary Harvey, the sum of five hundred ($500) dollars. To have and to hold the same, with all the rights and privileges thereof, to her, the said Mary Harvey, in trust, for the uses and purposes following, that is to say, in trust that she shall manage and improve the same, and apply the principal and interest thereof to the support and maintenance of Ella F. Harvey until she shall become of the full age of twenty-one (21) years, and, after and upon the arrival of the said Ella F. Harvey at the full age of twenty-one (21) years, for the said Mary Harvey to pay over to the said Ella F. Harvey the remainder of the said sum of five hundred ($500) dollars, prin-

cipal and interest, if there be any, to and for her own use, benefit, and behoof forever.

" I give and bequeath to James G. Harvey my large family Bible, to and for his own use, benefit, and behoof forever.

" I also give and bequeath to James G. Harvey the sum of two thousand ($2,000) dollars, to and for his own use, benefit, and behoof forever.

" I give and bequeath to Silas F. Baldwin the sum of one thousand ($1,000) dollars, if he be living at and upon my decease, to and for his own use, benefit, and behoof forever.

" I give and bequeath to Albert F. Baldwin, to and for his own use, benefit, and behoof forever, the sum of two hundred ($200) dollars, and also the paintings of myself and of my wife.

" I give and bequeath to George Walker the note for two hundred ($200) dollars given by him to me.

" I give and bequeath to Edward H. Squier, my executor, the sum of one thousand ($1,000) dollars.

" To have and to hold the same, with all the rights and privileges thereof, to him, the said Edward H. Squier, in trust for the uses and purposes following, that is to say, in trust that he shall manage and improve the same, and to pay over the interest as often as once in every year to Ella F. Harvey, as long as she shall continue under the age of twenty-one (21) years, and, after and upon the arrival of the said Ella F. Harvey at the age of twenty-one (21) years, for the said Edward H. Squier to pay over to the said Ella F. Harvey the said sum of one thousand ($1,000) dollars, with all the accumulations of interest, if there be any.

" I give and bequeath to all of my nephews and nieces not hereinbefore named, living at the time of my decease, to and for their own use, benefit, and behoof, the sum of one ($1) dollar each.

" I also give, devise, and bequeath to the said James G. Harvey all the rest, residue, and remainder of my estate left after the expense of settling my estate be paid.

" To and for his own use, benefit, and behoof forever.

" I hereby nominate and appoint the said Edward H. Squier, of Providence, sole executor of this my Will, hereby revoking and annulling all other and former Wills by me made, and establishing this, and this only, as and for my last Will and Testament.

" In testimony whereof I have hereunto set my hand and seal this second day of March, in the year of our Lord one thousand eight hundred and eighty-five.

"IRA HARVEY." [L. S.]

" Signed, sealed, published, pronounced, and declared by the said Ira Harvey as and for his last Will and Testament, in the presence of us, who at the same time, at his request, in his presence and in the presence of each other, have hereunto set our names as witnesses to the same.

"GILMAN E. JOPP.

"EDWARD W. SQUIER."

*Joseph C. Ely*, for James G. Harvey, claimed, if the first bequest of the will be construed as controlling to the extent of giving all the personal property to the wife, to the exclusion, in the first instance, of James G. Harvey, that, under said clause, she takes only a life estate in the same, for the gift to her is " as long as she shall remain my widow." That these words are of conditional limitation, marking the duration of the interest given, *Cooper* v. *Pogue*, 92 Pa. St. 254; also, 2 Amer. Prob. Rep. 196; *Giles* v. *Little*, 104 U. S. 291.

The *habendum*, evidently the clumsy work of the scrivener, cannot control as against such express grant. *Sherratt* v. *Bentley*, 2 Myl. & K. 149.

This, too, would give some meaning to the last clause, which should not by judicial construction be expunged from the will. Every part of the will should, if possible, have meaning given to it. . The last clause gives the rest and residue of the estate to James G. Harvey, not after all the rest of the will is satisfied, but " all the rest, residue, and remainder of my estate left after the expense of settling my estate be paid."

That is, there are two residuary clauses in this will, for the first clause, by reason of the use of the words " except as hereinafter named," is converted into such in point of law, unless this last clause is radically inconsistent with the rest of the will, so as to nullify all that had gone before, as held in *Covert* v. *Sebern*, 73 Iowa, 564, where a will contained the following provisions : " Fourth, The balance, residue, and remainder I give and bequeath to my brothers and sisters, the same to be equally divided

among them. Lastly, I give and bequeath to my stepson, H. S. Covert, all the remainder and residue of my property, be it real or personal, of what kind or character whatsoever." *Held*, that these clauses were repugnant, and the last, being the latest expression, must prevail ; still it should be given some effect, if possible.

Considering the matter of intention, it being borne in mind that this will was drawn by an inexperienced hand, only a few hours before the death of the testator, is it not much more reasonable to suppose that the dying man desired to give some further substantial benefit to a favorite nephew rather than to provide for that which testators in their hours of health rarely think of, namely, lapsed legacies, especially in a case where there was very little time for legacies to lapse, as the testator died in a few hours after making this will ?

To construe the first gift to the wife as an estate during widowhood gives the last clause a meaning as conveying the remainder. The following cases support this construction, to which cases special reference is made : *Gravenor* v. *Watkins*, L. R. 6 C. P. 500 ; *Sherratt* v. *Bentley*, 2 Myl. & K. 149.

*Edwin C. Pierce*, for complainant.

*George J. West*, for Mary Harvey.

*May* 19, 1888. PER CURIAM. Our opinion is, that under the will of Ira Harvey his widow, Mary Harvey, takes the entire estate, less so much thereof as is necessary to answer the requirements of the first clause, to pay the pecuniary legacies in trust and other, these legacies being excepted by the words " except as hereinafter named ; " but that she takes the same subject to defeasance by her marriage, in which event the real estate will go to James G. Harvey by the specific devise over, and the personal estate given primarily to her will go over to him under the residuary clause. Under that clause he would also have taken any lapsed legacies, if there had been such. This construction may not be entirely clear, but it seems to us the most reasonable of which the will is capable. It will be observed that the will gives to James G. Harvey a pecuniary legacy of $2,000, which we cannot suppose the testator would have given in that form if he had meant for him to take the entire estate, less debts and pecuniary legacies, under the residuary clause.

It also seems very clear to us, from the language of the will, that the testator intended a special and substantial benefit to the wife in the early clause of the will, and could not have intended to defeat it by the residuary clause. We therefore decide that the executor shall pay over to Mary Harvey what remains after satisfying the requirements of the first clause of the will and the pecuniary and specific bequests.