## Musselman, Appellant, v. Myers, et al.

*Trusts—Resulting trusts—Real estate—Payment of purchase
money after inception of title—Equity jurisdiction—Act of June
7, 1907, P. L. 440—Demurrer—Remedy at law.*

1. A resulting trust in real estate is raised only from fraud in
obtaining the title, or from payment of the purchase money when
the title is acquired. Payment of the purchase money subsequently
is not sufficient to raise a legal implication of a trust.

2. Where plaintiff had agreed with one of the defendants, Myers,
to subscribe the sum of $2,500.00 to the capital stock of a corpora-
tion about to be formed, for the purpose of purchasing certain
real estate, and at the direction of Myers paid his subscription to
Myers' agent, and it appears that at the date of such payment
Myers had already acquired an equitable interest in the land in con-
troversy in consequence of having made a payment on account of
the purchase price thereof, and that subsequently Myers completed
the purchase of the land by paying to the vendors a further sum
which included the $2,500.00 received from the plaintiff, and that
deeds of conveyance to the said Myers had been executed but not
yet delivered, there is no resulting trust in favor of the plaintiff.
As Myers had already acquired an equitable interest in the land
before any of the money of the plaintiff had been used in the trans-
action no resulting trust could arise. A resulting trust in lands
must arise, if at all, at the inception of the title.

3. In such case where defendant raised the question of jurisdic-
tion under the Act of June 7, 1907, P. L. 440, by filing a demurrer
and asking that the court determine the question in limine the
court properly decided that plaintiff's remedy was an action at law
and certified the case to the law side of the court.

Argued February 10, 1913. Appeal, No. 173, Jan. T.,
1912, by plaintiff, from decree of C. P. Bucks Co., April
T., 1911, No. 6, in equity, sustaining demurrer to bill and
certifying the case to the law side of the court in case
of D. Paul Musselman v. John B. Myers and George C.

Fry and Real Estate Trust Company of Philadelphia, Sallie S. Houston, Samuel Frederick Houston and Edgar Dudley Faries, trustees under the last will and testament of Henry H. Houston, deceased.   Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to establish a resulting trust in realty and for a conveyance.

Defendants filed a demurrer.   RYAN, P. J., filed the following opinion:

The plaintiff avers in his bill that on or about February 22d, 1911, he agreed with John B. Myers, one of the defendants, to subscribe the sum of $2,500 to the capital stock of a proposed corporation, which was about to be formed with a capital of $20,000 for the purpose of purchasing the real estate described in the bill; that on February 24th, 1911, at the direction of Myers, plaintiff paid the amount of his said subscription to one Norman S. Sherwood as the agent and for the account of Myers; that at the said time Myers "was under agreement with the Real Estate Trust Company, Sallie S. Houston, Samuel Frederick Houston and Edgar Dudley Faries, trustees under the last will and testament of Henry H. Houston, deceased, defendants above named, who were then the owners and are still the owners of record of the said land, for the purchase thereof and had paid them on account of said purchase about the sum of $500"; that the purchase price named in the said agreement was $9,600; that Myers completed the purchase of the land on March 3d, 1911, by paying to the said trustees the further sum of $2,700 (which included the sum of $2,500 received from the plaintiff) and having executed and delivered to them, by George C. Fry, one of the defendants, who acted in the transaction as a straw man for Myers, a purchase money mortgage for $6,400; that said Fry also executed a deed for said land to said Myers and that the said deeds and said mortgage remain in the

possession of said trustees at the request of said Myers and have not been recorded.

The plaintiff avers that upon these facts a resulting trust has arisen in his favor and prays for equitable relief. The defendant, Myers, has filed a demurrer, inter alia, denying the jurisdiction of a court in equity and asking that the court determine this issue in limine before any proceedings had on the merits of the case. The question of jurisdiction is thus properly raised under the Act of June 7, 1907, P. L. 440, entitled "An act in relation to equitable proceedings wherein it is, or might have been, alleged that there was an adequate remedy at law." It provides inter alia, that "if a demurrer or answer be filed, averring that the suit should have been brought at law, that issue shall be decided in limine, before a hearing of the cause upon the merits."

To entitle the plaintiff to the equitable relief for which he prays it must clearly appear that a resulting trust has arisen in his favor in the purchase of the real estate by Myers. Plaintiff contends that such a trust arises by implication from the appropriation by Myers of plaintiff's subscription in part payment of the purchase price of the land. The bill avers in the third paragraph thereof that "at said time," that is, at the time of the receipt of the sum of $2,500 by Sherwood, the agent of Myers for the purpose, Myers was "under agreement" with the owners of the land to purchase it and had already paid them about $500 on account of the transaction. It appears, therefore, that Myers had acquired an equitable interest in the land before the receipt of the plaintiff's money, and that the said subscription was employed only in making a subsequent payment on account of the price. No resulting trust could arise in favor of the plaintiff under these circumstances.

"A resulting trust is raised only from fraud in obtaining the title, or from payment of the purchase money when the title is acquired. Payment of the purchase money subsequently is not sufficient to raise a legal im-

plication of a trust as all the authorities show": Barnet v. Dougherty, 32 Pa. 371.

See also Nixon's App., 63 Pa. 279; Cross's App., 97 Pa. 471; Salter v. Bird, 103 Pa. 436; McCloskey v. McCloskey, 205 Pa. 491.

The amount of the plaintiff's subscription was not in the hands of Myers at the time he acquired his inceptive equitable interest in the land, which was the inception of the title to it, by the payment of the $500 hand money, nor does it appear from the averments of the bill that at that time Myers expected to receive it and relied upon it for funds with which to make the additional cash payment which he afterward made upon account of the purchase price. This case is, therefore, distinguishable from the case of McLaughlin v. Fulton, 104 Pa. 161, cited and relied upon by the plaintiff. In that case a son, having in his hands or under his control money belonging to his mother, purchased a farm, paying $100 of his money as earnest of the bargain, but at the same time relying upon the funds of his mother for the balance of the purchase money and afterwards actually using her money in making payment of the same. Under those facts the court said that the purchaser would "not be permitted to defeat the trust by showing he had acquired a merely inceptive equitable interest by payment of an inconsiderable amount of his own money at the purchase."

In that case, Justice CLARK recognized the doctrine declared in Barnet v. Dougherty and said, "It is certainly true that a resulting trust in lands must arise, if at all, at the inception of the title, either through fraud in the acquisition of it, or through the payment of the purchase money by which it is obtained." In Engle v. Weidner, 1 Luzerne Legal Reg., 769, the court says, "It is fraud in the purchase, not after, and payment at, and not after, which makes the holder of the title a trustee. A subsequent payment, however clearly shown, will not

answer the requirements of the law: SHARSWOOD, J., in Nixon's App., 13 Sm. 282 (63 Pa. 279)."

The plaintiff appears to be entitled to have the stock for which he subscribed or the return of his money. We think that his remedy is a suit at law. The Act of June 7, 1907, supra, in Section 2, provides, inter alia, "If the court shall decide that the suit should have been brought at law, it shall certify the cause to the law side of the court, at the costs of the plaintiff," etc. Accordingly we enter the following decree:

And now, March 25th, 1912, this cause came on to be heard at this term, and was argued by counsel, and upon consideration thereof, it is ordered, adjudged and decreed that this cause be certified to the law side of the court, at the costs of the plaintiff, in accordance with the provisions of the Act of June 7, 1907, P. L. 440.

Plaintiff appealed.

*Error assigned* was the decree of the court.

*R. W. Archbald, Jr.,* of *Ehrlich & Archbald,* with him *John C. Swartley,* for appellant.—The case at bar is neither a broken promise nor a voluntary payment of money. It rests on the principal of "following trust funds" well explained in the following authorities: Norris' App., 71 Pa. 106; Baker's App., 120 Pa. 33; McLaughlin v. Fulton, 104 Pa. 161; Hallett's Est., 13 Ch. Div. 696; Fox v. Mackreth, 2 Brown Ch. 400; Freas's Est., 231 Pa. 256.

The books are full of cases where trust funds have been diverted by a trustee and mingled with his own money and it has been held that the cestui que trust is entitled, at his election, to such share of the property purchased as is represented by his own money: Wallace v. Duffield, 2 S. & R. 521; Kisler v. Kisler, 2 Watts 323; Sheetz v. Neagley, 13 Philadelphia 506.

The decision below is contrary to the authority of Gilchrist v. Brown, 165 Pa. 275.

We submit that under the circumstances the court below did not exercise a wise discretion in refusing the amendment: Clark v. Gas Co., 184 Pa. 188; Fricke v. Quinn, 188 Pa. 474; Dougherty's App., 1 W. N. C. 593; Aultman's App., 98 Pa. 505; Naomi Coal Co. v. Moore, 19 Pa. D. R. 338.

*B. F. Geary,* of *Kress & Geary,* with him *Grim & Grim,* for appellee.—It is well settled by many decisions of the courts of Pennsylvania that a resulting trust can arise only upon the payment of purchase money, and then only at the inception of title: Barnet v. Dougherty, 32 Pa. 371; Nixon's App., 63 Pa. 279; Salter v. Bird, 103 Pa. 436; Keehn v. Keehn, 4 Berks County Law J. 14; McCloskey v. McCloskey, 205 Pa. 491.

It is doubtless true that where trust funds are misappropriated and used by the trustee for his own purposes, the cestui que trust is permitted to follow and reclaim the trust funds in whatever form they may be found, but this cannot be enforced by decrees in equity. Where such claims are enforced, where the fund is converted into land, the remedy is by ejectment: Richards's App., 100 Pa. 51; Triscuit's App., 13 W. N. C. 57; Lynch v. Cox, 23 Pa. 265; Leininger v. Summit Branch Railroad Co., 180 Pa. 287.

The amendment was properly disallowed: Toomey v. Hughes, 19 Philadelphia 506; Jackson v. Thompson, 203 Pa. 622; McClintock v. Bellevue Cemetery Co., 1 Mona. (Pa.) 700.

*Yerkes, Ross & Ross,* for Real Estate Trust Co., et al., trustees.—The court made no error in refusing to allow the amendment: Wilhelm's App., 79 Pa. 120; Clark v. Natural Gas Co., 184 Pa. 188; Jackson v. Thomson, 203 Pa. 622; Shields v. Barrow, 58 U. S. 130.

*R. W. Archbald, Jr.,* of *Ehrlich & Archbald,* with him *John C. Swartley,* for appellant, in reply.—The enforce-

ment of trusts is peculiarly a head of equity jurisdiction. Even if ejectment had been possible, there would be a concurrent equitable remedy, as the following cases of bills in equity to enforce a trust in land arising out of misappropriation of trust money will show: Edwards v. Edwards, 39 Pa. 369; Stewart's App., 81½ Pa. 323; Gaynor v. Quinn, 212 Pa. 362; Donatelli v. Casciola, 215 Pa. 21; Canevin v. Younger, 56 Pitts. Leg. J. 24; Trinity Congregational Church v. Thompson, 226 Pa. 582; Clauer v. Clauer, 22 Pa. Superior Ct. 395; Hutchinson v. Dennis, 217 Pa. 290.

PER CURIAM, March 17, 1913:

The decree is affirmed for the reasons stated in the opinion of the learned president judge of the Common Pleas.