## Modern Baking Co., Appellant, *v.* Orringer et al.

*Trusts and trustees—Resulting trust—Purchase of land—Payment of purchase money—Parol agreement—Evidence—Fraud—Equity—Pleadings.*

1. Where legal title is made to the parties who paid the consideration, no trust from such payment results to a corporation subsequently organized by them, and to which possession is given for business purposes.

2. A trust may arise where the one taking title temporarily advances money for the beneficiary to make the purchase, but such an advance must be made under an agreement for repayment.

3. Where two persons purchase real estate, and pay the purchase price, and take the legal title in themselves, no constructive trust, or one ex maleficio, arises in favor of a corporation thereafter organized by such persons, where everything is done openly and without fraud.

4. In such case, no trust can be established on the theory that the corporation made a parol purchase of the property, took possession, and paid for the same.

5. A breach of such subsequent parol agreement to convey to the corporation will not warrant a conclusion of fraud.

6. The evidence to establish a trust in land by fraud, must be clear, explicit and unequivocal.

7. In equity relief must be based upon the pleadings as well as upon the proof.

Argued May 2, 1921. Appeal, No. 29, Oct. T., 1921, by plaintiff, from decree of C. P. Washington Co., No. 2675, in Equity, dismissing bill in equity, in case of Modern Baking Co. v. Albert Orringer et al. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity to declare a trust.   Before McILVAINE, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed without prejudice.   Plaintiff appealed.

*Error assigned,* among others, was decree.

*Chas. Sachs,* of *Sachs & Caplan,* with him *Wiley & Marriner* and *A. H. Rosenberg,* for appellant.—A resulting trust arose in favor of plaintiff, with respect to the real estate in question, by reason of the fact that it was purchased for the corporation with moneys of the corporation, the same having been advanced by the incorporators for the corporation, on account of stock subscriptions: Lacy v. Hall, 37 Pa. 360; Lynch v. Cox, 23 Pa. 265; Gilchrist v. Brown, 165 Pa. 275; Casciola v. Donatelli, 218 Pa. 624.

The Act of June 4, 1901, P. L. 425, is no bar.

*Joseph Stadtfeld,* with him *A. M. Linn, Joseph C. Spriggs* and *Max J. Spann,* for appellees.—No trust relation existed between Albert Orringer and the proposed company at time of purchase of the property in dispute: Jourdan v. Andrews, 258 Pa. 347; M'Culloch v. Cowher, 5 W. & S. 427, 430; Barnet v. Dougherty, 32 Pa. 371; Salter v. Bird, 103 Pa. 436, 447; Dyer's App., 107 Pa. 446; Kraft & Kimmel v. Smith, 117 Pa. 183, 193; Martin v. Baird, 175 Pa. 540; Braun v. Church, 198 Pa. 152, 156-7; Watson v. Watson, 198 Pa. 234, 247; McCloskey v. McCloskey, 205 Pa. 491, 496.

Neither subsequent fraud nor subsequent payment of the purchase money will raise a trust: McCloskey v. McCloskey, 205 Pa. 491.

A resulting trust in lands must arise, if at all, at the inception of the title: Musselman v. Myers, 240 Pa. 5; Brener v. Brener, 29 Pa. Dist. R. 23.

OPINION BY MR. JUSTICE WALLING, July 1, 1921:

In the spring of 1919, a lot and building thereon, at Donora in Washington County, equipped as a bakery, was for sale by a trustee in bankruptcy. With a view of engaging in that business one Samuel Greenwald and the defendant, Albert Orringer, on March 22d, submitted an offer of $25,000 for the property, on which they made a deposit of $5,000, with the cashier of the First National Bank of Donora, each advancing one-half thereof. The offer was rejected and the property exposed to public sale on the 15th of the following April, when it was sold to Greenwald and Orringer, in the name of the former, for $31,300. The sale was confirmed on the 28th of the same month and two days later a joint deed for the property was executed and delivered to Samuel Greenwald and Albert Orringer, who caused the same to be recorded and each paid one-half of the purchase money, in cash and by a bond and mortgage, the $5,000 deposit being applied thereon. During the spring, there was talk about forming a partnership or corporation in which others were to become interested, and, on the day the sale was confirmed (April 28, 1919), an application was filed for a charter of a corporation to be called the Modern Baking Company, in which Greenwald and Orringer were to be the principal stockholders. The charter was granted June 3d, and since the 15th of that month the corporation has been in possession of and operating the plant. The first formal corporate meeting was held on July 8, 1919, at which Greenwald was elected president and Orringer treasurer and Samuel Klein, another stockholder, secretary. As originally planned the corporate stock was to be equally divided between Greenwald and his friends and Orringer and his friends, but as issued the former hold a majority. The business was apparently prosperous, but in the fall of that year serious differences arose between the factions, resulting in litigation and in the removal of Orringer as treasurer. Thereupon a judgment for $24,000 was entered against

Orringer, on a note in favor of his brother Joseph, on which execution was issued and Albert Orringer's one-half undivided interest in the bakery property was seized and sold by the sheriff and Joseph became the purchaser. Meantime the corporation filed this bill averring that Greenwald and Albert Orringer held title to the real estate in trust for it, also that Greenwald had offered to convey his undivided interest to the corporation and praying for a decree ordering Albert to do the same, and adjudging that Joseph's judgment was not a lien upon the bakery property. Defendants filed responsive answers, Albert claiming one-half of the real estate in question as his own and denying that he held the same in trust for the corporation. A replication was filed and the case went to trial, at which the evidence was conflicting; that for the corporation, represented by the Greenwald party, tended to show that, before the property was purchased at the trustee's sale, it was understood and agreed by all parties concerned that the property was being bought for and on behalf of the new corporation; and, because its charter had not been granted, the title should be and was taken temporarily in the names of Greenwald and Orringer; and further that the consideration money they advanced was to be and was repaid to them by stock of the corporation. All of this evidence was contradicted by that for the defense.

The chancellor found, inter alia: [a] "No promise or agreement was made by Samuel Greenwald and Albert Orringer, or either of them, at the time they purchased said property, for the conveyance thereof to plaintiff company after it might be formed." [b] "There was no fraud or misrepresentation on the part of Albert Orringer, defendant, in procuring the deed to himself for an interest in said real estate." [c] "The judgment entered by Joseph Orringer against Albert Orringer, at No. 138, November Term, 1919, D. S. B., in the sum of $24,003, is for a bona fide indebtedness owing from the latter to the former." There are some other findings more

favorable to plaintiff, but none that nullifies those above quoted. The corporation seems to have treated the property as its own and the evidence tends to show it repaid Greenwald and Orringer, in the stock they received, for the purchase money so expended by them. The court below held, however, that as the only relief sought was based upon the ground of a resulting or constructive trust, a decree for plaintiff could not be made on the finding of a parol purchase by it from Greenwald and Orringer, followed by payment of consideration, possession, etc., even if the facts warranted such decree. The court therefore entered a decree dismissing the bill without prejudice, and therefrom plaintiff brought this appeal.

The legal title was made to the parties who paid the consideration, hence no trust resulted from payment of purchase money: Musselman v. Myers, 240 Pa. 5; Barnet v. Dougherty, 32 Pa. 371; Roberts v. Ware, 40 Cal. 634, 637.

True, a trust may arise where the one taking title temporarily advances money for the beneficiary to make the purchase (Kauffman v. Kauffman, 266 Pa. 270), but such advance must be made under an agreement for repayment (Gilchrist v. Brown, 165 Pa. 275), and here the chancellor finds there was no such agreement.

A constructive trust, or one ex maleficio, may arise from fraud in securing the title; but the chancellor finds there was no fraud. In fact, as everything was done openly, the evidence would not justify a finding that Albert Orringer was guilty of fraud in obtaining the title; and, unless he was, no trust ex maleficio arose: Turney v. McKown, 242 Pa. 565; Jourdan v. Andrews, Trustee, 258 Pa. 347; Kimmel v. Smith, 117 Pa. 183; Grove v. Kase, 195 Pa. 325. There is nothing in Orringer's subsequent conduct to warrant the conclusion that at the inception he took title with a fraudulent intent. The breach of a subsequent parol agreement to convey, would not warrant such conclusion: McCloskey

v. McCloskey, 205 Pa. 491. The evidence to establish a trust by reason of fraud should be clear, explicit and unequivocal (Martin v. Baird, 175 Pa. 540), and evidence of that character is not found in this record.

We can grant plaintiff no relief upon the theory that, after incorporation, it made a parol purchase of the property, took possession of and paid for the same; that would not constitute the defendant a trustee, and, furthermore, there is no such claim in the bill. In equity relief must be based upon the pleadings as well as upon the proofs. "The relief afforded by a decree in equity must conform to the case as made out by the pleadings as well as to the proofs. Every fact essential to entitle a plaintiff to the relief which he seeks must be averred in his bill. Neither unproved allegations nor proof of matters not alleged can be made a basis for equitable relief. Relief cannot be granted for matters not alleged: 16 Cyc. 483": Spangler Brewing Co. v. McHenry, 242 Pa. 522, 528; Keystone Guard v. Beaman et al., 264 Pa. 397; see also Youngman v. Erie Water Com'rs, 267 Pa. 490.

As what we have stated vindicates the action of the trial court, we do not feel called upon to discuss the numerous other interesting questions so ably presented by the counsel of the respective parties. Appellant occupies the vantage ground of possession, with its rights safeguarded, in that the bill was dismissed without prejudice, and we find nothing in the record to justify a reversal.

The decree is affirmed at the costs of appellants.