Watkins and Miller, Appellants, v. Watkins et ux.

Argued March 3, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*George Morrow,* for appellants.

*Jerome I. Myers,* for appellees.

OPINION BY DREW, J., April 15, 1931:

This is an appeal from a decree dismissing a bill in equity.

The bill and supplemental bill aver that prior to November 20, 1922, the plaintiffs and defendant made an oral agreement with their mother, Sarah Jane Watkins, wherein she agreed that if they would remain at home with her and turn over to her all their wages she would purchase a home, would take title in her name and make her last will and testament devising the property to them in equal shares; that a property in Scranton was purchased, title taken as agreed, plaintiffs and defendant remained at home and at intervals of two weeks, from November 20,

1922 to March or April, 1926, paid in installments the entire amount of Seven Thousand Dollars ($7,000.00) for the property; that their mother died testate on January 29, 1929, and by her last will and testament devised the said real estate to the defendant, Arthur Watkins, contrary to the agreement she had made which had been carried out by the plaintiffs and defendant. The prayer is for a decree declaring the defendant a trustee of the property and that he be directed to convey a one-third interest in said property to each of the plaintiffs. (After the answer was filed Florence Miller, one of the plaintiffs, withdrew from the case and she is not now a party to this appeal.)

It is admitted the contract was oral; it was therefore void under the Statute of Frauds. (Sec. 4, Act of April 22, 1856, P. L. 532.) Since that enactment a trust in land can be proved in no other way than by writing: Barnet v. Dougherty, 32 Pa. 371. But the appellant says "this is a resulting trust and the Statute of Frauds has no application."

It is true the Statute of Frauds expressly excepts from its operation resulting trusts, such as the law implies: Bispham's Equity (10th Ed.) page 148; Galbraith v. Galbraith, 190 Pa. 225; Kauffman v. Kauffman, 266 Pa. 270. Was this such a trust?

A resulting trust is raised only from fraud in obtaining the title, or from payment of the purchase-money when the title is acquired: Barnet v. Dougherty, supra; Salter v. Bird, 103 Pa. 436; Musselman v. Myers, 240 Pa. 5. There is not so much as an intimation in the bill that the mother, Mrs. Watkins, took title with a fraudulent intent. The plaintiffs must therefore rely upon payment of the purchase-money by the children at the inception of title to create a resulting trust.

It does not appear that any money was paid by plaintiffs or defendant at the time title was taken.

The bill avers the purchase-money was paid at intervals within the period "from November 20, 1922 to March or April, 1926." Title was taken on November 20, 1922. The payment of the purchase-money, subsequent to the taking of title, was not sufficient to raise a trust by implication of law: Barnet v. Dougherty, supra; Nixon's Appeal, 63 Pa. 279; Bryan v. Douds, 213 Pa. 221; Kauffman v. Kauffman, supra. If the plaintiffs or defendant paid any part of the purchase-money when the title was acquired by their mother, plaintiffs should have said so. The learned Chancellor gave them thirty (30) days in which to make up deficiencies in their original bill. Certainly the allegation in the supplemental bill, on this essential matter, is not "clear, precise, convincing and satisfactory" such as would satisfy the conscience of a chancellor: Olinger v. Shultz, 183 Pa. 469.

Equitable relief is based on pleadings as well as proofs. The relief afforded must conform to the case made by the pleadings and proofs. Every fact essential to entitle plaintiff to the relief sought must be averred in his bill: Modern Baking Company v. Orringer, 271 Pa. 152, 157. The evidence to support a trust as to land must be clear, precise and convincing: Jourdan v. Andrews, Trustee, 258 Pa. 347; Gates v. Keichline, 282 Pa. 584. It follows that the averments of the bill must be equally definite.

In the instant case plaintiffs have failed to aver the essentials of an implied trust. They failed after a direction to amend, so it must be true their averments are the best and strongest they could make. All they have been able to show is a broken promise by their mother, after she took title. An implied trust cannot be raised in that way: McCloskey v. McCloskey, 205 Pa. 491; Carson v. Painter, 69 Pa. Superior Ct. 490.

The assignment of error is overruled and the decree is affirmed at the costs of appellant.