## DeHart, Appellant, *v.* Bush and Bush.

Argued December 13, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Israel Krohn,* and with him *Frank S. Weiss,* for appellant.

*R. L. Mervine,* for appellee.

OPINION BY JAMES, J., April 16, 1934:

Plaintiff below has appealed from a decree dismissing an amended bill in equity filed by him against Violet Bush and Sherman Bush, praying for the cancellation of a bond and mortgage given in part payment for a tract of land in Monroe County and for the payment to plaintiff of such sums of money as may have been paid on account of the purchase price of said premises. Plaintiff's bill averred in substance that on September 5, 1927, defendants orally agreed to sell said premises for $1,600, free and clear of all encumbrances; that on September 19, 1927, defendants delivered a quitclaim deed to plaintiff and assured plaintiff that the title was good and marketable, free and clear of all liens and encumbrances; that the plaintiff was ignorant of the distinction between a quit-

claim and a warranty deed; that at the time the deed was executed, defendants were not the owners of said premises but the fee simple to the premises was and still is in Lewis Marguetti.

Preliminary objections were filed to the bill and sustained by the court "with leave, however, to file an amended bill" on several grounds, among which were, the failure of plaintiff to allege that he had tendered a reconveyance and that the bill contained no averment that plaintiff was not in possession or that he had been evicted by a superior title or that a superior title had actually been asserted. The amended bill was largely in the same form as the original bill except that he averred a reconveyance had been tendered. Preliminary objections were filed to the amended bill which were sustained and the bill was dismissed.

Equitable relief is based on pleadings as well as proofs. The relief afforded must conform to the case made by the pleadings and proofs. Every fact essential to entitle a plaintiff to the relief sought must be averred in the bill. Modern Baking Co. v. Orringer, 271 Pa. 152, 157, 114 A. 264; Watkins et al v. Watkins, 101 Pa. Superior Ct. 426, 429.

Plaintiff has failed to assert any facts whatever upon which to base the averment that "the fee simple to said premises was and still is in Lewis Marguetti." When he acquired the title or how he acquired the title does not appear. Neither does it appear that this title was ever asserted, that he has ever been evicted or that plaintiff's possession was in any way ever affected. From the averments, upon what basis would the chancellor find that the title was in Lewis Marguetti or in any one else holding adverse to plaintiff?

We think it essential to have averred at least particularly in view of his possession that a superior title has actually been asserted.

We believe the questions involved are governed by Little v. Thropp, 245 Pa. 539, 541, 91 A. 924, which was a scire facias sur mortgage wherein the court below was reversed for refusing to enter judgment for want of a sufficient affidavit of defense.

In seeking relief in equity we believe plaintiff to be entitled to the well recognized doctrine as stated in Steinhauer v. Witman, 1 S. & R. 437, 441, by Chief Justice TILGHMAN, as follows: "A distinction has been established between purchasers who have paid, and who have not paid, the purchase money. Those who have paid, have no relief; but those who have not paid, are relieved, in case of eviction or manifest failure of title."

In the opinion of former Chief Justice MOSCHZISKER in Little v. Thropp, supra, at page 546, he says, "It is not necessary in all instances that there be an actual eviction to entitle one to the defense referred to in the cases just cited; furthermore, the defense in question prevails whether the suit be a direct action for purchase money, or one instituted on a purchase money obligation (Sager v. Patterson, 15 Pa. Superior Ct. 147, 150). But where the defendant continues to hold possession, and this equitable defense is relied upon, he must offer to show 'that the title he had accepted was positively bad, and that there was a superior and indisputable title in another person, asserting such title': Bradford v. Potts, 9 Pa. 37. In speaking upon this subject, in Ludwick v. Huntzinger, 5 W. & S. 51, 58, KENNEDY, J., said, 'The right of the plaintiffs to demand and receive the amount of the (purchase money) obligation is a perfectly clear legal right ...... whereas the defense set up is only an equitable defense, and before it can prevail must be made out by evidence tending to prove it clearly and distinctly ...... It is not sufficient, in such a case, to offer to give evidence merely to show that the title

which the purchaser has got is doubtful, or not merchantable, but he must show that it is positively bad, by proving a superior indisputable title to the land in another person, who is asserting his right thereto by virtue of such title ...... In order to make such outstanding title a good defense ...... it must be clearly shown to be indisputably good, and that the land is actually claimed under it.' "

If the defendants had proceeded upon either the bond or mortgage which plaintiff had given to secure the balance of the purchase money, a defense based upon the averments of the bill relating to the title of Lewis Marguetti would clearly have been regarded as unavailing. By the same rule, his failure to aver in the bill a superior and indisputable title in another person asserting such title, prevents a chancellor from granting the relief prayed for.

In view of our determination we deem it unnecessary to discuss in detail the question of ignorance of plaintiff concerning the difference between a quitclaim and warranty deed. If the averments of the bill as to the superior title had established an eviction or a manifest failure of title, we believe the averments would have been sufficient. Nor are we convinced that plaintiff was guilty of laches. The original quitclaim deed was delivered in September, 1927, and the plaintiff did not discover the alleged faulty character of his title and what kind of a deed was delivered to him until on or about July 1, 1932, when he promptly engaged counsel to file the bill. No injury is shown to have been done to the defendants by his failure to file the bill and laches will not be imputed to a party where his delay has not resulted in injury to his adversary: Selmer v. Smith, 285 Pa. 67, 131 A. 663.

Decree affirmed.