## Eggert v. Corr

*Raymond Pearlstine*, for plaintiff.

*A. Archer Cross, John R. K. Scott* and *William T. Connor*, for defendant.

KNIGHT, P. J., August 20, 1937.—From the bill we gather the following facts:

Premises No. 9 Huntingdon Road, in Abington Township, were conveyed in 1928 to one Florence B. Martin, who held the same in trust for the defendant, then a minor.

Subsequently the title was conveyed to the Colonial Trust Company, which was merged with The Pennsylvania Company for Insurances on Lives and Granting Annuities, subject to the same trust.

On October 21, 1933, the defendant attained her majority, and on November 22d of the same year, The Pennsylvania Company, in pursuance of the terms of the express written declaration of trust, conveyed the said premises to the defendant.

On October 5, 1932, Charles J. Corr entered into an agreement with the plaintiff, by the terms of which the plaintiff agreed to do the work and furnish the materials necessary in erecting an addition to the above premises for the sum of $3,800. During that same fall, the plaintiff and Charles J. Corr agreed orally that the plaintiff should dig a cesspool and put in certain hardwood floors for the sum of $185. The above-mentioned written contract was in the form of letters, the letter of acceptance being signed "Charles J. Corr Trustee for Catherine C. Corr".

The plaintiff has performed the work and furnished the materials necessary to be done and furnished under the written and oral contracts, and has received on account of the contract price the sum of $2,000, leaving a balance due and owing of $1,985.

The bill avers that the defendant was present when the contracts were performed, and that she not only agreed to the same, but offered suggestions as the work progressed.

Finally, the bill avers that the value of the property of the defendant has been enhanced in excess of the $3,985 by reason of the work and material furnished by the plaintiff. The bill prays that the defendant be ordered and directed to pay the plaintiff the sum of $1,985, with interest from January 11, 1933.

Several preliminary objections are raised to the bill, only two of which we think it necessary to discuss; namely, the first and the third.

The first: Because it appears from the face of the bill that the plaintiff has an adequate remedy at law.

The third: Because it does not appear from the averments of the bill how or under what circumstances Charles J. Corr was constituted trustee for Catherine C. Corr.

We will discuss the third objection first.

Counsel for the plaintiff argues that trusts are a well-established subject of equity jurisdiction, and that therefore he is properly in a court of equity. Equity no doubt has jurisdiction in declaring trusts, but when a contract is made by a trustee as such, the common-law rights and remedies apply.

The bill avers that Charles J. Corr was the trustee for Catherine C. Corr, and counsel argues that this averment is sufficient for the purpose of pleading, and that he is not required to set out how or in what manner he became trustee, as these things are matters of evidence and proof.

"Equitable relief is based on pleadings as well as proofs. The relief afforded must conform to the case made by the pleadings and proofs. Every fact essential to entitle plaintiff to the relief sought must be averred in his bill: Modern Baking Company v. Orringer, 271 Pa. 152, 157. The evidence to support a trust as to land must be clear, precise and convincing: Jourdan v. Andrews, Trustee, 258 Pa. 347; Gates v. Keichline, 282 Pa. 584. It follows that the averments of the bill must be equally definite": Watkins et al. v. Watkins et ux., 101 Pa. Superior Ct. 426, 429.

The bald statement that Charles J. Corr was the trustee of the defendant is but a conclusion.

How was the trust created, by parol or by writing? This is important, for if created by parol it is void under the Act of April 22, 1856, P. L. 532, unless it falls within the well-established exceptions to the act: See McCloskey v. McCloskey, 205 Pa. 491.

Was Charles J. Corr the trustee of the defendant by virtue of a resulting or constructive trust?

There is no averment in the bill to this effect, and no facts shown, from which such a trust could be inferred.

The plaintiff seeks to recover from the defendant on a contract made by one who signed himself as a trustee for her. Plaintiff must show the authority of this trustee to act for the defendant, and the defendant is entitled to be informed by the pleadings just how Charles J. Corr became her trustee, so that she may be prepared to meet that essential issue.

Counsel for the plaintiff cites sections from the American Law Institute Restatement of the Law of Trusts to support his contention that the trust property may be reached by a creditor under circumstances similar to those set forth in the present bill. It will be noted that the plaintiff does not seek by this bill to reach the trust property; he does not ask that an equitable lien be fastened on No. 9 Huntingdon Road. He seeks a money decree, directing the defendant to personally pay him the sum of $1,985.

It seems to us that the plaintiff has a complete and adequate remedy at law, if he has a remedy. He asks for the payment of money due him under a contract, and that is all. An action at law in assumpsit is the familiar and adequate remedy in such cases.

The bill discloses that the defendant was 20 years of age when the contracts were entered into by Charles J. Corr and the plaintiff; it is averred that the defendant was present when the work was performed, and offered suggestions and instructions. It may be, although we do not so decide, that she would be liable on the theory of agency or estoppel, as there is no evidence that she has disavowed or repudiated the contracts made for her benefit, and it may be in her name.

We conclude, therefore, that the bill is inadequate, in that it fails to set forth how, or in what manner, the said Charles J. Corr became the trustee for the defendant, in respect to the real estate involved, and also, that the plaintiff has an adequate remedy at law, by an action in assumpsit.

The first and third objections to the bill are sustained.

And now, August 20, 1937, in accordance with the above opinion, and in compliance with the provisions of the Act of June 7, 1907, P. L. 440, this case is certified to the law side of the court.