Opinion by
 

 Stadtfeld, J.,
 

 This is a proceeding under the Act of April 20, 1905, P. L. 239, by the grantee of a purchaser at sheriff’s sale to obtain possession of real estate. The facts are correctly ¡set forth in the opinion of the court below by Reese, P. J., from which we quote as follows: “The premises, consisting of a house and lot, were sold by the sheriff as the property of the judgment debtors, Mervin L. Grossman and Viola M. Grossman, his wife, and were purchased at the sheriff’s sale in September, 1936, by the Capital Bank and Trust Company of Harrisburg, John Mcl. Smith and William B. McCaleb, liquidating trustees of the Union Trust Company of Pennsylvania. The foregoing trustees conveyed the premises to the New Cumberland Trust Company, petitioner herein, by deed dated April 5, 1937, and duly recorded on August 4, 1937.
 

 “Upon the petition of the latter, containing all the averments required by the act of 1905, the Court, on August 10, 1937, directed the issuance of a citation upon Mervin L. Grossman and Viola Grossman, his wife, as the persons in possession to show cause why possession should not be delivered to the petitioner. An answer was filed by the respondents' which was also joined in by Mervin
 
 L.
 
 Grossman, as attorney-in-fact for his daughter, Marjorie H. Grossman, as intervening respondent. The answer averred that Marjorie H. Grossman was also in possession of the premises; that New Cumberland Trust Company, the petitioner, held only ‘technical’ title to the premises as a trustee for Marjorie H. Grossman, who is the equitable owner, by virtue of a ‘specific verbal agreement between M. A. Hoff, president of the New Cumberland Trust Company, acting in his official capacity, and Mervin L.
 
 *135
 
 Grossman, acting as attorney-in-fact, under general power of attorney, for Ms daughter, Marjorie H. Gross-man, which agreement was to the effect that Marjorie H. Grossman should pay over to the aforesaid petitioner the sum of $770.91, to be used as part of the purchase, and that the aforesaid petitioner should issue or grant a mortgage loan to said Marjorie H. Grossman in addition thereto in an amount not exceeding $10,000, and that the proceeds of this mortgage loan, together with the $770.91, which said Marjorie H. Grossman actually paid to said New Cumberland Trust Company on April 5, 1937, or so much of said proceeds as necessary, should constitute the purchase price, and that the New Cumberland Trust Company would purchase said premises from the liquidating trustees', acting for said Marjorie H. Grossman, and would take title in her name.’ The answer also averred that the petitioner bank never granted the mortgage loan nor did it take title in her name as agreed upon. The answer demanded a jury trial. Petitioner filed a replication denying the averments of the answer and respondents filed a rejoinder. Both sides took depositions’ and thereafter petitioner asked for judgment on the whole record.”
 

 The court below found that upon the pleadings and the whole record the petitioner plaintiff is entitled to possession of the premises and entered an order accordingly. This appeal followed.
 

 The sole question involved is whether under the pleadings' and undisputed facts, an issue should have been awarded. It may be noted here that Marjorie H. Grossman, daughter of defendant appellants, intervening respondent, for whose benefit the alleged agreement was made and in whose name title was to be taken, has not appealed and no exception to the order of the court below was taken on her behalf.
 

 There was admittedly no written agreement, and respondents relied solely on a “specific verbal agreement”
 
 *136
 
 under •which, the bank should negotiate the purchase of the premises, taking title in Miss Grossman’s name and the purchase price to be paid by $770.91, advanced by her, and the balance thereof to be loaned to Miss Gross-man by the bank, which should be secured by a mortgage not exceeding $10,000. There is no averment that the bank did lend the money or that she ever demanded a deed or offered a mortgage in such sum as was necessary to effect a purchase. There was no averment that the contract, so far as Miss Grossman is concerned, was ever carried out.
 

 Both sides took depositions which were made a part of the record. The respondent, Grossman, testified that prior to the bank taking title there was no definite agreement between them. The depositions' reveal that the bank was willing to acquire the property and thereafter make some arrangement with the Grossmans whereby their pre-existing indebtedness to the bank, plus the purchase price of the property, could be secured and gradually liquidated. It appears from the testimony of Grossman, from his letters, from the testimony of his two attorneys, as well as from the testimony of the president of the bank, that for some time after the bank acquired the title the parties unsuccessfully negotiated to reach a mutually satisfactory arrangement; there were various proposals and counter-proposals, but no agreement was ever effected.
 

 As stated in the opinion of the court below: “The sum of $770.91, paid to the bank, was undoubtedly paid
 
 in contemplation
 
 of an agreement but not in
 
 pursuance
 
 of an agreement, and it may well be that, no agreement having been reached, this amount should be repaid to the payor, but we cannot dispose of that matter in the present proceeding. It cannot be argued that a resulting-trust arose in an undivided interest in the property equal to the ratio of $770.91 to the entire purchase price, for the reason that even under the agreement al
 
 *137
 
 leged there was no intent on the part of the Grossmans to acquire an undivided interest in the land. So far as appears from the pleadings, the $770.91 was paid under an agreement which failed because of vagueness and indefiniteness and also because there is no averment that the Grossmans did what was necessary to make it effective. From the depositions it appears that the amount was paid in contemplation of an agreement that was never made or effected.”
 

 The record of this case shows that Mervin L. Gross-man and Viola M. Grossman, his wife, had no agreement that they should receive the title to the premises or that they should grant the mortgage to the appellee. The allegations in the answer filed by the appellants and the testimony of the appellant, Mervin L. Grossman and his witnesses, show that Marjorie H. Grossman was the interested party; that title should be conveyed to her; that she should execute and deliver the mortgage; and that she paid to plaintiff the sum of $770.91 to be applied to the purchase price if an agreement should be arrived at. Marjorie H. Grossman intervened as a defendant in this action and joined in the answer filed by Mervin L. Grossman and Viola M. Grossman. There has been a final decree in this matter by the court below which affects not only Mervin L. Grossman and Viola M. Grossman, but also Marjorie H. Grossman, the intervening defendant, who has not appealed.
 

 As the record stands, there are no controlling disputed questions of fact. Both sides agree that the amount of the mortgage was to be determined after the purchase of the premises from the liquidating trustees of the Union Trust Company of Pennsylvania and that before such purchase there was no agreement as to the amount or terms of a mortgage. The whole matter resolves itself into the obvious conclusion that what the parties did was to enter into negotiations with the hope that an agreement could be reached as to the premises
 
 *138
 
 occupied by the appellants. With such undisputed facts before it the court, in a jury trial, would be compelled to give binding instructions for the appellee.
 

 “A trust may arise where the one taking title temporarily advances money for the beneficiary to make the purchase, ......but such advance must be made under an agreement for repayment
 
 ......Modern Baking Co. v. Orringer,
 
 271 Pa. 152, 156, 114 A. 264. In the instant case, no advance was made by the Trust Company.
 

 There was no fiduciary relation existing between the parties at the time of the purchase of the property in dispute, and there was no evidence to establish a trust in land by fraud.
 

 A resulting trust must arise, if at all, at the inception of the title:
 
 Musselman v. Myers,
 
 240 Pa. 5, 87 A. 425;
 
 Brenner v. Brener,
 
 29 Pa. Dist. R. 23.
 

 We find no error in the conclusion reached by the court below. The matter of the return of the money deposited by Marjorie Grossman is not involved in this proceeding. In view of our conclusion on the main question, other matters suggested by appellant need not be discussed.
 

 The order of the lower court is affirmed at the cost of the appellants.