## Jennings *v.* Everett, Appellant.

Argued October 3, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Nathan Markmann,* for appellant.

*Theodore Spaulding,* submitted a brief for appellee.

OPINION BY RHODES, P. J., November 12, 1947:

Plaintiff by a bill in equity sought to establish a resulting trust in premises 2031 N. Lambert Street, Philadelphia, Pennsylvania, which defendant, who was plaintiff's mother-in-law, had allegedly purchased for the plaintiff while the latter was in the service of the United States Army. The court below held that a resulting trust had been established, and directed a con-

veyance of the property to the plaintiff. Defendant appealed from the decree.

The principal points raised on this appeal are: (1) Alleged insufficiency of the evidence to support the findings of the chancellor; and (2) alleged failure of the plaintiff to establish the legal requisites of a resulting trust.

The chancellor found that, for some time prior to August, 1944, plaintiff and his wife paid $30 a month for a four-room apartment in Philadelphia, while defendant lived alone in a rented room nearby. Although plaintiff was then in the Army and stationed in Maryland, he visited his family in Philadelphia each weekend. In the early summer of 1944, defendant suggested to plaintiff that they could acquire an equity in a home with the rent paid for an apartment, and defendant volunteered "to purchase a home for the plaintiff and his wife with her own funds provided repayment should be made to her by plaintiff." The chancellor's sixth finding of fact reads: "6. Pursuant to such suggestion, an oral agreement was entered into between plaintiff and defendant whereby defendant agreed to purchase a home for plaintiff at an address to be selected by the defendant and further agreed that upon repayment to the defendant by plaintiff of any funds advanced by her in the acquisition of such property, title would be conveyed to the plaintiff."

As a result of such agreement, defendant and plaintiff's wife inspected the premises in question in June of 1944, and on a later date plaintiff looked at the premises and approved the same. On May 25, 1944, defendant had signed a written agreement to buy 2031 N. Lambert Street for a total price of $2250, paying a cash deposit of $200. Settlement was made August 1, 1944. Defendant took title in her name. She paid, including the previous deposit, $746.38 in cash, and executed a bond and mortgage to Liberty Federal Savings & Loan Association for $1,750.

The day after settlement, or on August 2, 1944, plaintiff paid defendant $400, which she accepted "on account of the $746.38 advanced by the defendant." Plaintiff, his family, and defendant moved into the property the first week in August, 1944. Plaintiff and his wife acted as owners, rented rooms to outsiders, and assumed payment of the mortgage and carrying charges on the property. Defendant occupied but one room for which she paid plaintiff's wife an average of $3 per week as rent.

Immediately after plaintiff returned from overseas service in the Army and was discharged, he repaid to defendant, on December 22, 1945, the sum of $346.38, representing the balance of the sums advanced by the defendant in the purchase of the said premises, and which sum was so accepted by defendant.

On these facts the chancellor concluded: "Defendant agreed to temporarily advance funds to plaintiff to make the purchase under an oral agreement that plaintiff would repay to defendant any purchase money so advanced."

Both plaintiff and his wife testified to the oral agreement with defendant whereby defendant was to advance the money to make a down payment on a home. Taking the stand on her own behalf, defendant stated she purchased the property in question as a home for herself and daughter. Defendant admitted an agreement to deed the property to her daughter and son-in-law if they repaid her, but the conveyance was to be conditional upon defendant's right to live there for the remainder of her life. It was not denied that plaintiff paid defendant the $746.38, which she had expended in purchasing the property. Defendant, however, did deny making an alleged admission in the presence of the wife of the grantor of the property to the effect that defendant was buying it for her son-in-law.

It was for the chancellor sitting as a trier of fact to resolve the conflicting evidence on the crucial issues of

the case. The findings of the chancellor were approved by the court in banc; they are supported by evidence; and they cannot be disturbed by this Court on appeal. *Belmont Laboratories, Inc., v. Heist et al.*, 300 Pa. 542, 151 A. 15; *Ziegenfuss v. Ziegenfuss et ux.*, 160 Pa. Superior Ct. 374, 51 A. 2d 508.

Defendant insists that no resulting trust arose because plaintiff showed no more than an oral agreement, made subsequent to the purchase of the property, to repay the alleged trustee. The applicable principles are well settled. A resulting trust may arise where the trustee purchases the property with his own money, if the trustee in fact advances the money as a loan to the beneficiary. Scott on Trusts, vol. 3, § 448, p. 2270. In *Gates v. Keichline*, 282 Pa. 584, 128 A. 490, defendant purchased property, paying for it with his own funds; it was nevertheless held that he had advanced the money as a loan to his sister and a resulting trust was imposed. Our Supreme Court stated (282 Pa. 584, 592, 128 A. 490, 492) : "While the law contemplates payment of the purchase money by the beneficiary at the time of the creation of the trust, yet the funds may be advanced by another on his account (Kauffman v. Kauffman, 266 Pa. 270, 276 [109 A. 640]), and this other may be the trustee himself where, as in the present case, the payment is made under an arrangement which contemplates the refunding of the amount advanced, in a subsequent accounting between the trustee and his cestui que trust; particularly is this true if, as here, the person in whose name title is taken acts at the time as agent for the claimant: Cook v. Cook, 69 Pa. 443, 447-8; Schrager v. Cool, 221 Pa. 622, 625 [70 A. 889]." To the same effect is *Modern Baking Co. v. Orringer et al.*, 271 Pa. 152, 114 A. 264; *New Cumberland Trust Co. v. Grossman et ux.*, 131 Pa. Superior Ct. 132, 138, 198 A. 915. "True, the trust must result at the time of the purchase, but it does so result where there is then a distinct understanding that the property is

bought for the beneficiary and to be paid for with his funds, although such payment may be temporarily deferred or made by installments": *Kauffman et al. v. Kauffman et al.,* 266 Pa. 270, 276, 109 A. 640, 642.

It is also true that payment of the purchase price by the beneficiary subsequent to the taking of title, there being no prior obligation on the part of the beneficiary to pay, is a mere violation of a parol agreement and no resulting trust arises. Scott on Trusts, vol. 3, § 457, p. 2300; *Peel v. Peel,* 303 Pa. 397, 400, 154 A. 813. Payment of the purchase money subsequent to the taking of title is not sufficient to raise a trust by implication of law. *Watkins and Miller v. Watkins et ux.,* 101 Pa. Superior Ct. 426.

Under the findings of the chancellor, it is clear that the plaintiff in the present case assumed a definite obligation to repay that part of the purchase price which defendant advanced, and further, that plaintiff assumed this obligation at or prior to the time of the purchase of the property by defendant. And a parol trust for the real estate was established under such circumstances.

In addition to the relationship of the parties and the circumstances surrounding the alleged oral agreement, the fact that plaintiff repaid defendant $400 the day after settlement, and the balance immediately upon his discharge from the Army, tends to strengthen plaintiff's contention that he agreed to pay for the property at or before the time it was purchased in defendant's name.

Plaintiff had the burden of establishing the alleged parol trust by evidence that was clear, explicit, precise, and convincing. *Wosche v. Kraning,* 353 Pa. 481, 483, 46 A. 2d 220. From a careful review of the evidence, we cannot say that he failed to meet that burden.

The decree of the court below is affirmed, at the cost of appellant.