Sczepaniak, Appellant, *v.* McGlone et ux.

12

Argued March 19, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*G. Edgar Bowersox,* with him *Elgin E. Weest,* for appellant.

*Donald H. Hamilton,* with him *Edw. D. McLaughlin,* for appellees.

OPINION BY ROSS, J., July 23, 1948:

This is a bill in equity to restrain the operation of a store in a building which is being constructed on their lot by the defendants.

The parties respectively own and occupy premises on opposite corners of Twelfth Street and Highland Avenue in the city of Chester. In the chain of title of both premises there is the following building restriction: "That but a single dwelling house shall ever be erected upon said lot which said house . . . shall be used and occupied by the grantee herein, his heirs and assigns as a dwelling house only."

On April 28, 1945, the defendants secured a city building permit to build a garage on the rear of their lot and commenced construction of the building. During the course of the construction the defendants decided to use the building not as a garage but as a store, but their request for a permit to construct a store was refused for the reason that the property was zoned as a "dwelling" district. The defendants appealed to the zoning board. A hearing was held on the appeal and on December 19, 1945, the board "ruled . . . that a variance be granted and permit be issued for the proposed construction." Pursuant thereto, a permit was issued to make the necessary alterations to the uncompleted building so that it might be used as a store. On February 23, 1946, this bill was filed to restrain the use of the building "as a store" on the ground that the defendants, by constructing or operating a store on their lot, would be violating the building restriction as set forth in their deed. The chancellor, after hearing and findings of fact, dismissed the bill, exceptions were dismissed by the court in banc which affirmed all the findings of fact of the chancellor, and this appeal followed.

There is no finding of fact that the character of the neighborhood has changed from residential and it is not contended that the defendants are not bound by the restriction in their chain of title. Consequently, there are only two questions involved in this appeal: (1) does the language of the restriction prohibit the erection and use of a store building on defendants' lot and, if so, (2) is the plaintiff entitled to the aid of equity to restrain the violation?

Covenants restricting the use of land are construed most strictly against one claiming their benefit and in favor of the free and unrestricted use of property; and violations of such covenants occur only when there is a plain disregard of the limitations imposed by their express words, and do not extend to limitations arising by implication. *Satterthwait v. Gibbs*, 288 Pa. 428, 135

A. 862. In this case, the restriction which binds both plaintiff and defendants states specifically that "but a single dwelling house shall be erected."

In *Johnson v. Jones*, 244 Pa. 386, 90 A. 649, in which it was held that an apartment house was properly to be classified as a dwelling house, the Supreme Court, at page 389, said: "As defined by Webster, and this we take to be the sense in which it is ordinarily used and understood, a dwelling-house is a house occupied as a residence in distinction from a store, office or other building." In *Hamnett v. Born*, 247 Pa. 418, 93 A. 505, in which it was held that a "duplex house" could fairly be regarded as "one dwelling house," the Supreme Court, at page 420, stated: "The fact that the building proposed is a single structure intended for dwelling purposes brings it within what is permitted under the restriction; the fact that it is intended to accommodate a number of families does not bring it within what is forbidden." In *Rohrer v. Trafford Real Estate Co.*, 259 Pa. 297, 102 A. 1050, the Supreme Court, in construing a building restriction which provided that but "a single dwelling house" should be erected on a lot, held that the stipulation was for a single structure. In *Taylor v. Lambert*, 279 Pa. 514, 124 A. 169, at page 516, the Supreme Court said: ". . . the word 'dwelling' restricts the character of building by eliminating all buildings for business purposes, such as stores, livery stables, garages, factories, and the like."

The character of the neighborhood in which the premises of the parties are located is considered by the zoning board of the city to be a residential neighborhood, and the chancellor found that the "neighborhood in which plaintiff's and defendants' properties are located is predominantly a built-up residential neighborhood." It is common business knowledge that a building restriction such as in this case, if it applies to premises in a residential district, is inserted so that structures other than those used for dwelling houses shall not

be put on the land restricted. Where such restriction is reasonable, as here, the courts have no hesitancy in enforcing it. It seems obvious that the restriction in this case was put into the deed in the title chain in order to keep this section of Chester as a residential community. To assume that the maker of the covenant intended that there might be erected a business house or a store on defendants' lot would be in plain disregard of the intention and words of the restriction. Consequently, the defendants' construction of a store building on their lot would, in our opinion, be a violation of the restriction in their deed.

However, it is also our opinion that the plaintiff has no standing in equity to enjoin the defendants' violation of the restriction. She assented to defendants' violation of the building restriction, and one who acquiesces in, or assents to, the violation of a building restriction has no standing in equity to restrain that violation. In *Orne v. Fridenberg*, 143 Pa. 487, 22 A. 832, at page 501, the Supreme Court quoted with approval from 2 High on Inj., 1159, as follows: " 'In considering applications for relief by injunction against the breach of restrictive covenants contained in conveyances of real property, the courts require due diligence upon the part of the plaintiff seeking the relief, and laches or acquiescence on his part in the violation of the restrictive covenant will ordinarily defeat his application. Indeed, equity requires the utmost diligence in this class of cases upon the part of him who invokes its preventive aid, and a slight degree of acquiescence is sufficient to defeat the application, since every relaxation which plaintiff permits in allowing erections to be made in violation of the covenant amounts pro tanto to a disaffirmance of the obligation. . . .' "

The 28th finding of fact of the chancellor is as follows: "In August or September 1945 the plaintiff told Mr. McGlone that she had no objections to his opening a store on his property." This was before the defendants

applied for a permit to alter the building primarily planned for a garage into a store room, and their appeal to the zoning board from refusal of the permit. After receiving the permit, the defendants proceeded with the alterations until the bill in equity was served on them on February 25, 1946.

The chancellor's 28th finding of fact (the only finding to which the plaintiff excepted) is supported by the testimony of Joseph J. McGlone, and findings of fact of the chancellor, approved by the court in banc and supported by competent evidence, cannot be disturbed on appeal. *Jennings v. Everett,* 161 Pa. Superior Ct. 443, 55 A. 2d 569; *Pehlert v. Neff,* 152 Pa. Superior Ct. 84, 31 A. 2d 446; *Ziegenfuss v. Ziegenfuss,* 160 Pa. Superior Ct. 374, 51 A. 2d 508.

We, therefore, conclude that although the erection of a store building on the defendants' lot is a violation of the building restriction in their deed, the plaintiff is not entitled to the equitable relief sought in her bill.

Decree affirmed, the appellees to pay the costs.